**Haywood ERWING, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21827.**

United States Court of Appeals
Ninth Circuit.

May 21, 1968.

Rehearing Denied July 8, 1968.

Michael W. Rotberg (argued), Edgar Paul Boyko of Boyko & Simmons, Los Angeles, Cal., Hiawatha T. Roberts, Oakland, Cal., for appellant.

John Milano (argued), Asst. U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and BYRNE, District Judge.

* Of the Ninth Circuit, sitting by designation.

PER CURIAM:

This is an appeal from a conviction of narcotics violation under 21 U.S.C. § 174 (1964). We affirm.

There are four specifications of error. The first is that the court refused to order the production of daily time and expense sheets maintained by a narcotics agent witness. Following the witness's testimony appellant demanded production of the agent's investigative report, his case summary, and his time sheets under the Jencks Act, 18 U.S.C. § 3500 (1964). The first two were available and were produced. The last had been sent to Washington and was therefore not available. Appellant moved to strike the agent's testimony unless the time sheets were immediately produced. The court agreed that appellant was entitled to the reports, but declined to strike the agent's testimony or to order immediate production of the time sheets since their unavailability would have rendered such an order "an idle act." However, the court informed the appellant that the court would order production of the time sheets for appellant's future use if appellant wished, and asked whether appellant wanted to make a motion in this respect. Appellant said he did not.

■ As we read the record, the court did not deny production of the time and expense sheets. It simply declined to strike the witness's testimony as a penalty for the government's failure to have the reports immediately available while offering to require their production later—an offer which appellant declined.* The court's refusal to impose a crippling penalty for the government's inability to produce the reports immediately was not an abuse of discretion, particularly since the court found that the government had transferred the records to Washington as an administrative incident to the agent's change in station with no intention to interfere with the production of the records. Cf., Ogden v. United States, 323 F.2d 818, 820–821 (9th Cir. 1963).

■ Appellant's second specification of error is that the court should have decided the defense of entrapment rather than submitting it to the jury. Appellant does not contend that the record established entrapment as a matter of law (Cf., Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958)), but rather that the nature of the entrapment defense is such that it can never be adequately and fairly dealt with by a jury. Cf., Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In view of Sherman v. United States, 356 U.S. 369, 377, 78 S.Ct. 819, 2 L.Ed. 2d 848 (1958) and Sorrells v. United States, 287 U.S. 435, 452, 53 S.Ct. 210, 77 L.Ed. 413 (1932), such a change in the law must be left to others. See Robison v. United States, 379 F.2d 338, 347 (9th Cir. 1967).

The third specification of error contends that the instruction on entrapment, which took essentially the form approved in Notaro v. United States, 363 F.2d 169, 173 (9th Cir. 1966), was ambiguous. We do not agree. At trial, in response to the court's request for suggestions as to how the instruction given might be improved, appellant's counsel stated, "I happen to prefer my own instruction, but I have nothing to add to this instruction. Probably I will make an objection for the record, but I have nothing further to add to this instruction."

■ Finally, we reject the contention that the presumption found in 21 U.S.C. § 174 cannot be relied upon to establish that the heroin was illegally imported in the absence of some evidence in the

---

* The reason for appellant's refusal of the court's offer is probably to be found in the fact that the agent testified that all of the information on the time and expense sheets was included in the reports which were produced. The administrative details contained in the time and expense sheets would probably have been of little value for cross-examination in any event, and insistence upon production of the sheets would have resulted in a substantial interruption and delay of the trial.

record supporting the reasonableness of the inference. See Hernandez v. United States, 300 F.2d 114, 118, nn. 9, 11 (9th Cir. 1962).