**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Michael KROSKY, Defendant-
Appellant.**

**No. 19461.**

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1969.

Franklin A. Polk, Cleveland, Ohio, for appellant.

Timothy J. Potts, Asst. U. S. Atty., Cleveland, Ohio, for appellee; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, COMBS, Circuit Judge, and TAYLOR, District Judge.*

ROBERT L. TAYLOR, District Judge.

This is an appeal by Ronald Michael Krosky, appellant, hereafter called the defendant, from a conviction on the second count of a two-count indictment charging him "with unlawfully, willfully and knowingly" failing and neglecting to submit for induction into the United States Army in violation of 50 U.S.C. App. § 462(a) [1]. He was acquitted of the

---

* The Honorable Robert L. Taylor, Chief Judge, U. S. District Court for the Eastern District of Tennessee, sitting by designation.

1. "* * * any person * * * who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution

charge contained in count one of the indictment.

Defendant enlisted in the Ohio Army National Guard on November 2, 1964. After completing his active duty training, he was obligated to attend regularly scheduled drills. The National Guard charged him with missing sixteen drills, and determined his job performance was unsatisfactory. As remedial training the National Guard ordered him to forty-five days involuntary active duty. Defendant did not report. The National Guard then properly certified defendant for priority induction by his Local Selective Service Board. On November 2, 1966, defendant's local board ordered him to report for induction on November 28, 1966. When he did not report, James Armstrong of the Federal Bureau of Investigation told defendant to meet him at the local board on the morning of January 10, 1967. Armstrong was not present on that day, but a member of the local board served defendant with a letter ordering him to report for induction into the Armed Forces at 9:30 A.M. on the same day. Upon receipt of this letter, instead of reporting as ordered, he consulted his lawyer. After consulting his lawyer he later went to Columbus, Ohio where he consulted with an official of the State National Guard. He did not report for induction. Upon conviction, he was given the maximum five year sentence. 50 U.S.C.App. § 462(a).

Defendant contends his trial was conducted unfairly because (1) the trial court misled his counsel about the determination of the validity of the National Guard certification; (2) the evidence was insufficient; (3) exhibits were wrongly excluded; and (4) there were many other procedural irregularities based upon the Ohio Revised Code. We hold these contentions are without merit.

■ Defendant further contends that the Court erred in his instructions to the jury. Defendant's counsel at the conclusion of the charge not only failed to object to any portion of the charge, but affirmatively expressed his agreement with it.

Rule 30 of the Federal Rules of Criminal Procedure provides that:

"* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

This Court has held on a number of occasions that objection to the charge must be made before a reversal may be had for error, unless the error was manifestly prejudicial and so substantial as to result in a miscarriage of justice. In sum, if the charge contained plain error and affects substantial rights of the complaining party, the court may reverse and order a new trial without objections being made. F.R.Cr.P. 52(b); Smith v. United States, 230 F.2d 935 (C.A. 6, 1956).

We have not been able to find, after a careful examination of the record, that the District Judge defined or explained to the jury the meaning of the word "willful." In discussing the word "knowingly," he told the jury that "[t]here must be a specific wrongful intent. An actual knowledge of the existence of an obligation and a wrongful intent to evade it is of the essence."

After the jury had deliberated for some time, their foreman submitted two questions to the District Judge. The material question asked was: "In the Court's interpretation what constitutes wilful intend (sic)?"

In dealing with this request, the District Judge read portions of his original charge the pertinent part of which is as follows:

"I further instructed you that, 'however, the law does not denounce as

of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction * * * be pun-

ished by imprisonment * * * or a fine * * * or by both such fine and imprisonment * * *.'"

criminal every failure to perform a duty imposed by the Universal Military Training and Service Act, but it only seeks to punish a person "who shall knowingly fail or neglect" his duty. There must be a specific wrongful intent. An actual knowledge of the existence of an obligation and a wrongful intent to evade it is of the essence.'

"Now, as to 'intent': If he received the first order, if you find that he received the first order, obviously, he did not obey the order, he did not respond to it.

"The testimony is beyond dispute in that regard, that he was taken to the local Draft Board by an agent of the FBI, or he was told to report there by an agent of the FBI who said he would meet him there.

"As to the second order, of the 10th of January: Again, it is beyond dispute. The defendant admits it was handed to him; that he read it; that he understood it; that he knew it was an order to report, but he did not obey it. He went, instead, to his lawyer. Then he said he made a trip to Columbus.

\* \* \* \* \* \*

"Obviously, you must—and I am sure all of you understand the term 'intention', and you will determine intention in accordance with the instructions that I have given you, from all of the circumstances that have come before you."

Although the indictment charges that the defendant "unlawfully, willfully and knowingly" failed to comply with an order of his local draft board to submit for induction into the Armed Forces of the United States, the Statute from which the counts in the indictment were derived does not contain either the word "unlawfully" or "willfully." The pertinent language of the statute is that "Any person who shall knowingly fail or neglect or refuse to perform any duty" shall be punished.

Many of the courts who have dealt with charges given in cases arising under this statute have held that the Government must prove a culpable criminal intent before there can be a conviction. United States v. Hoffman, 137 F.2d 416 (C.A. 2, 1943); Graves v. United States, 252 F.2d 878 (C.A. 9, 1958); United States v. Rabb, 394 F.2d 230 (C.A. 3, 1968); United States v. Smith, 249 F. Supp. 515 (S.D. Iowa, 1966); United States v. Sobczak, 264 F.Supp. 752 (N.D. Ga., 1966).

"Knowingly" imports a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising from those facts. Rosen v. United States, 161 U.S. 29, 33, 16 S.Ct. 434, 40 L.Ed. 606.

■ An act is done "willfully' if done voluntarily and purposely with the specific intent to do that which the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. Willfulness includes an evil motive. James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961).

Defendant's counsel, in his argument for a new trial, stated that it was his recollection that he asked the Court, in effect, to tell the jury that "willfully" meant purposefully. Counsel then stated, "that in order for an act to be a crime, intent is always the essence of crime; and unless an act is purposefully, deliberately done, unless it is designedly planned or schemed, it doesn't seem to me that the evidence in this case of the wilful attempt to evade the duty required of Defendant Krosky was presented in the degree of proof required of the prosecution."

■■ Since "willfulness" was an essential ingredient in the crime charged, we think that the jury was entitled to have the meaning of the word "willful" explained. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). True, the District Judge told the jury, in effect, that the word "knowingly" meant wrongful act, but we do not believe this was an adequate definition

of either the word "knowingly" or "willfully." The question directed to the District Judge indicates strongly that the jury was interested in knowing what constituted willful intent.

In our opinion the failure of the District Judge to adequately explain to the jury the meaning of the word "willfulness" was plain error within Federal Rules of Criminal Procedure 52(b). Screws v. United States, supra.

The case is reversed and remanded to the District Court for a new trial.