**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Timothy WATSON, Defendant-Appellant.
No. 22436.**

United States Court of Appeals
Ninth Circuit.
Jan. 15, 1970.

Timothy Watson (argued), Marvin Friedman, San Francisco, Cal., for appellant.

Jerrald Ladar (argued), Asst. U. S. Atty., John Milano, Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING, ELY, and CARTER, Circuit Judges.

PER CURIAM:

Defendant was convicted on count 3 of a three-count indictment charging violations of 26 U.S.C. § 4705(a). Counts 1 and 2 were dismissed by the trial court when the jury was unable to agree on a verdict.

■ Defendant first contends that section 4705(a) is unconstitutional, as applied to him, because it violates his privilege against self-incrimination. The Supreme Court rejected this contention in Minor v. United States, 90 S.Ct. 284 (1969), for which this case was held.

■■ Defendant also contends that failure to provide him with a transcript of the grand jury testimony of an agent denied him due process of law. "The law does not require that the testimony of witnesses before a grand jury be recorded or transcribed." Loux v. United States, 389 F.2d 911, 916 (9th Cir. 1968). The grand jury proceedings were not recorded in this instance.

■ Defendant argues that the denial of a continuance to enable him to locate an informer deprived him of a fair trial. Denial of the continuance did not prejudice defendant for it appears on the record that the informant was subsequently interviewed by defendant's attorney and had no new information or evidence to offer.

■ Finally, defendant contends that the verdict on count 3 should be set aside because conviction on this count is inconsistent with the jury's inability to agree on counts 1 and 2 since defendant's sole defense to all three counts was entrapment. The transactions charged in counts 1 and 2 occurred a week prior to the transaction charged in count 3, and in the minds of one or more of the jurors this fact alone may well have afforded a rational basis for a different result.

Affirmed.