**Romeo ESTRELLA–ORTEGA, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**

**Alfredo ZAMORA–YESCAS, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**Nos. 23349, 23434.**

United States Court of Appeals,
Ninth Circuit.
Feb. 26, 1970.

William T. Healy, Tucson, Ariz., Manuel Garcia (argued), Tucson, Ariz., for appellant.

Rubin Salter, Jr. (argued), Jo Ann D. Diamos, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and BYRNE,* District Judge.

## HUFSTEDLER, Circuit Judge:

■ Appellants appeal from their convictions for violating 26 U.S.C. § 4705(a). Each appellant contends that § 4705(a) is unconstitutional because it impairs his Fifth Amendment privilege against self-incrimination. Their attack on the constitutionality of 26 U.S.C. § 4705(a) is defeated by the Supreme Court's decision in Minor v. United States (1969) 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283,[1] upholding the statute against the precise contentions urged here. See also United States v. Watson (9th Cir. 1970) 421 F.2d 1357.[2]

Zamora-Yescas ("Zamora") severally argues that there was prejudicial error in: (1) the district court's refusal to call as its witness, a Government informer, Ybarra, when the Government itself failed to call him, and (2) the district court's denial of his motions for acquittal and for posttrial relief based on his claim that the evidence established entrapment as a matter of law.

Ybarra, a paid Government informer, was a key figure in arranging the sale of heroin from Zamora to Jordan, a Government undercover agent. Neither side wanted to call Ybarra, who was a heroin addict with a criminal record. The Government did not need Ybarra's testimony to prove its case in chief and it did not call him. Zamora, however, did need Ybarra's testimony to prove his entrapment defense. To prevent Ybarra's unattractive gloss from reflecting on Zamora's case, Zamora asked the court to call Ybarra as the court's witness. The court declined. Zamora thereupon called Ybarra as a defense witness.

Ybarra's testimony at the trial, if believed, would have supported a finding of entrapment. His testimony was impeached by the Government's use of his prior inconsistent statements, and his story was inconsistent in some material respects with Jordan's testimony. The district court denied Zamora's motion to acquit and his posttrial motions based on his claim that the evidence established entrapment as a matter of law. We hold that the district court did not abuse its discretion in refusing to call Ybarra as the court's witness, that there was no error in submitting the entrapment issued to the jury, and that there was no error in denying his posttrial motions.

■ A district court has the power to call any witness as the court's witness. The decision rests upon the court's reasoned discretion. (e. g. Smith v. United States (8th Cir. 1964) 331 F.2d 265, cert. denied (1964) 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34; United States v. Lutwak (7th Cir. 1952)

*Hon. William M. Byrne, Senior Judge, United States District Court, Los Angeles, California, sitting by designation.

1. Dec. 8, 1969.

2. Jan. 15, 1970.

195 F.2d 748. A witness called by the court can be freely cross-examined and impeached by any party. (Litsinger v. United States (7th Cir. 1930) 44 F.2d 45.) A court is necessarily chary of exercising that power, especially in calling a witness that neither party wants to call as its own. An appellate court should not interfere with the district court's performance of that sensitive task absent a clear showing of an abuse of discretion, resulting in prejudice to the defendant. (Smith v. United States, *supra*, 331 F.2d at 273.) The refusal of the court to call Ybarra as its witness falls far short of that measure. (Cf. Steinberg v. United States (5th Cir. 1947) 162 F.2d 120, cert. denied (1947) 332 U.S. 808, 68 S.Ct. 108, 92 L.Ed. 386; Fielding v. United States (6th Cir. 1947) 164 F.2d 1022.)

The district court correctly submitted the entrapment issue to the jury because the issue turned on the resolution of conflicts in the evidence and a determination of the credibility of Ybarra and of Jordan. (*E. g.*, Masciale v. United States (1958) 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Notaro v. United States (9th Cir. 1966) 363 F.2d 169; Lutfy v. United States (9th Cir. 1952) 198 F.2d 760; Louie Hung v. United States (9th Cir. 1940) 111 F.2d 325; *cf.* Sorrells v. United States (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413.) This is not a case like Sherman v. United States (1958) 356 U.S. 369, 373, 78 S.Ct. 819, 2 L.Ed.2d 848, in which the defense of entrapment was established by "the undisputed testimony of the prosecution's witnesses," the very witnesses relied upon to prove the prosecution's case in chief. It is not a case of proof of entrapment as a matter of law, and the refusal to grant Zamora's posttrial motions upon that ground was likewise without error.[3]

3. Although the debate as to the propriety of submitting an entrapment issue to the jury continues (Lopez v. United States (1963) 373 U.S. 427, 434, 83 S.Ct. 1381, 10 L.Ed.2d 462), in such cases current doctrine still requires that the question

The remaining contentions of Zamora and of Estrella-Ortega do not have enough merit to warrant discussion.

The judgments are affirmed.

be submitted to the jury, when, as here, the evidence is conflicting. Erwing v. United States (9th Cir. 1968) 394 F.2d 829; *cf.* United States v. Walton (9th Cir. 1969) 411 F.2d 283.