Salvador H. PULIDO, Appellant,

v.

UNITED STATES of America,
Appellee.

Manuel LUNA, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 22401, 22401–A.

United States Court of Appeals,
Ninth Circuit.

April 10, 1970.

William J. Woods, Berkeley, Cal. (argued), for Luna.

Stephen C. Williams, Concord, Cal. (argued), for Pulido.

Dennis E. Kinnaird (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and HUFSTEDLER, Circuit Judges.

CHAMBERS, Circuit Judge:

Luna and Pulido, along with Frank Collins and Gilbert Vasquez, were named in a nine count indictment charging them with violation of 21 U.S.C. § 174. Collins pleaded guilty and became a witness for the government. After a jury trial, Luna, Pulido, and Vasquez were all convicted on multiple counts. Having failed to appeal, Luna and Pulido successfully petitioned under 28 U.S.C. § 2255 to have their right of appeal reinstated.

The government's theory at trial linked the appellants with the crimes in the following manner: At the urging of a government informer (Ochoa), Luna obtained heroin from Collins and sold it to a government agent (agent Maria). Luna was not arrested after the first sale because the government was seeking the source of the heroin. Luna (along with Collins) was finally arrested in a bar following a sale to agent Maria in which Maria gave marked and dusted money to Luna in return for heroin. After his arrest, Collins cooperated with the agents by aiding them in apprehending Pulido and Vasquez, who were walking along the street at a point approximately two blocks from the bar in which the arrest took place. Upon arresting and searching Pulido and Vasquez, $640 of marked government money which agent Maria had given to Luna was found in Pulido's possession. The substance of Collins' statements and assistance in identifying Pulido and Vasquez is disputed because Collins allegedly changed his story at trial and because the trial judge ruled that Collins' pretrial statements were inadmissible hearsay against Pulido. Pulido's testimony was that Collins was a friend who had given him the money for safekeeping. His main argument on appeal is that his arrest was without probable cause. Luna admitted the sales and based his defense and appeal on entrapment.

## I. LUNA

Luna admitted selling heroin but claimed that he was entrapped. His showing of inducement was that one Ernest Ochoa, who was a friend of Luna and a special employee of the Bureau of Narcotics, repeatedly implored him to obtain heroin for sale. Ochoa introduced Luna to agent Maria who was the prospective buyer. Several months passed before Luna finally obtained a supply of heroin and sold it to agent Maria.

▇ Luna's first contention is that the evidence showed entrapment as a

matter of law. He relies on Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, where the Court as a matter of law decided that entrapment had occurred because the government informant coerced the addict-defendant by repeated meetings and constant entreaties emphasizing the informant's physical need for narcotics. Unlike the situation in Sherman, Luna was not an addict and was not coerced by an emotional appeal based on need for the narcotic to alleviate pain and suffering. On this record we decline to decide that the district judge should have found entrapment as a matter of law.

■ Appellant suggests that entrapment should be an issue for the judge rather than the jury because of the prejudice which results from introducing evidence of reputation to establish predisposition. In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L. Ed. 413, the Supreme Court held that the issue of entrapment was for the jury rather than the court. A five-to-four majority in Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, declined to disturb the Sorrells' position that entrapment should be an issue for the jury. Change in this regard must await direction from the Supreme Court. See Erwing v. United States, 9th Cir., 394 F.2d 829, 830; Robison v. United States, 9th Cir., 379 F.2d 338, 346.

■ Once the defendant established that entrapment was a legitimate issue in the case, it became the prosecutor's burden to establish beyond a reasonable doubt that the accused was not entrapped into the commission of the offense. Notaro v. United States, 9th Cir., 363 F.2d 169. The prosecutor may meet his burden by showing through inquiry into the defendant's record of conduct and reputation that he was predisposed to commit the crime and was not an otherwise innocent person who would not have committed the crime but for the inducement. In attempting to show predisposition, the government intro-

duced evidence of twelve year old arrests for narcotics violations and evidence of Luna's past and current reputation in the community for involvement in the narcotics trade. Informer Ochoa had known Luna for more than ten years and testified that he had a reputation as being involved in narcotics. Luna asserts that Ochoa's reputation testimony concerning him was inadmissible because it related to a period before he (Luna) served a prison term and returned to the community. However, nowhere does it appear that Ochoa's testimony concerning Luna's reputation was based *entirely* on his acquaintance with Luna before Luna was incarcerated. In any event, on these facts we decline to enter the morass of what is "past" and what is "current" reputation. Here the jury must be assumed able to determine the probative weight to be assigned to the reputation testimony.

■ Evidence was admitted showing that twelve years previously Luna had been arrested on California state narcotics charges. No conviction resulted. Luna argues that evidence of these arrests (admitted over objection) was inadmissible because old arrests "could not show readiness of the appellant to sell narcotics at the time he was approached by Ochoa." The question is whether evidence of arrests is a permissible part of subjecting the accused to an "'appropriate and searching inquiry into his own conduct and predisposition' as bearing on his claim of innocence." Sherman v. United States, 356 U.S. 369, 373, 78 S.Ct. 819, 821, 2 L.Ed.2d 848. The Ninth Circuit position on the scope of permissible rebuttal evidence after the defendant has introduced a question of entrapment is stated in Carlton v. United States, 9th Cir., 198 F.2d 795. Carlton approved rebuttal evidence of a three year old conviction for a misdemeanor narcotics violation. By way of dictum the court in Carlton approved admission of evidence of previous related offenses for which the accused had neither been convicted nor arrested. 198

F.2d at 798–799. Arrest records for related offenses should be treated as one species of hearsay evidence of predisposition. Several circuits have recognized that hearsay evidence of acts showing predisposition may be admissible. Trice v. United States, 9th Cir., 211 F.2d 513, cert. denied, 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed. 707; Rocha v. United States, 5th Cir., 401 F.2d 529, cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 796; Washington v. United States, 5th Cir., 275 F.2d 687. Here the jury had more than evidence of arrest records from which to find predisposition. It also had reputation testimony from a government agent and a government informer. The record is sufficient to allow a finding that Luna was a known narcotics dealer who was wary but predisposed to make a sale. We cannot say as a matter of law that the jury was wrong in its determination.

■■■ Luna assigns error to the entrapment instructions. Since he did not object to the instructions at trial, he is precluded from raising the issue unless plain error is shown. Federal Rules of Criminal Procedure 30, 52(b). Jury instructions will be held defective if they are so vague and ambiguous as to permit the jury to misinterpret the allocation of the burden and quantum of proof on the entrapment issue. Notaro v. United States, 9th Cir., 363 F.2d 169. However, the instant instructions do not contain the defects found in Notaro. Substantially similar instructions have recently been upheld in this circuit. Nordeste v. United States, 9th Cir., 393 F.2d 335; Robison v. United States, 9th Cir., 379 F.2d 338. Thus there is no defect in the instructions which assumes the proportions of plain error.

Luna's conviction is affirmed.

## II. PULIDO

When Collins was arrested, government agents testified that he made a statement that led them to Pulido. The essence of the alleged statement was that the two men who had supplied the narcotics to Collins and Luna were in the bar at the time of the arrest. Federal agents reentered the bar but were unable to locate the two men mentioned by Collins. The agents then placed Collins in an automobile and cruised about the vicinity of the arrest. About 15–45 minutes after the arrest (the time testimony varied), the agents were driving by a point approximately two or three blocks from the scene of the sale when Collins identified Pulido and Vasquez as the men who were the "source" and who had been in the bar at the time Luna and Collins were arrested.[1] The agents then arrested and searched Pulido and Vasquez. In Pulido's possession they found $640 of $720 of marked money which a government agent had given Luna in exchange for heroin. The numbers of the bills corresponded with a government list of the serial numbers.

■■ The only competent evidence which established Pulido's involvement in a narcotics offense was the marked money found in his possession. His counsel did not move to suppress the evidence before trial, nor did she object to its introduction at trial. She did, however, move for a judgment of acquittal based on absence of probable cause to arrest Pulido and Vasquez. Federal Rule of Criminal Procedure 52(b) allows us to review the validity of Pulido's arrest and the following search because the absence of an objection to the evidence before or during the trial involved constitutional rights and was a serious deficiency which was obviously prejudi-

---

1. Although the trial judge ruled that Collins' statements were inadmissible hearsay against Pulido, hearsay or other incompetent evidence can properly be considered on the probable cause issue. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. See generally, Annot., 10 A.L.R.3d 359, 364.

cial to Pulido. Reisman v. United States, 9th Cir., 409 F.2d 789; Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; United States v. Krosky, 6th Cir., 418 F.2d 65; Himmelfarb v. United States, 9th Cir., 175 F.2d 924, 950, cert. denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527; Alexander v. United States, 5th Cir., 390 F.2d 101. Whether the warrantless search was valid depends upon whether the federal agents had probable cause to arrest Pulido. The record shows that Pulido's arrest was based on Collins' statement. Collins, however, was not adequately shown to be a reliable informant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Castillon v. United States, 9th Cir., 298 F.2d 256. There was no independent investigation as occurred in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Rocha v. United States, 9th Cir., 387 F.2d 1019, is distinguishable because it is a case where the police had carried out considerable surveillance which confirmed an arrested narcotic seller's confession of his source. An arrest without a warrant is valid only if the arresting officer had probable cause to believe that the suspect has committed or is committing a felony. United States v. Garcia, 9th Cir., 415 F.2d 1141. Since the arrest was without probable cause, Pulido's inculpatory statements following arrest were inadmissible and the marked money was inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Pre-trial statements by Collins implicating Pulido were inadmissible hearsay as evidence against Pulido. Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790.

After deletion of inadmissible evidence, the record is insufficient to establish a case against Pulido. Consequently, Pulido's conviction must be reversed and the indictment dismissed as to him.