George **LOUIE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 22963.

United States Court of Appeals,
Ninth Circuit.

May 19, 1970.

Rehearing Denied June 8, 1970.

See, also, D.C., 289 F.Supp. 850.

James R. White, III, San Francisco, Cal., George Louie, in pro. per., for appellant.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., Sidney M. Glazer, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and *THOMPSON, District Judge.

PER CURIAM:

Fayetta Hartin, Judie Maxwell, and appellant George S. Louie were charged with violations of 18 U.S.C. § 2314,[1] and, together with Alice Varnum (unindicted), with conspiracy to violate that section. Appellant was convicted of two substantive violations and the conspiracy charge.

The government's evidence established the following. Judie Maxwell stole two blank checks from an employee of Merrill Lynch, Pierce, Fenner & Smith; one Michael Cooke forged the checks; and appellant cashed them. Subsequently appellant had checks printed duplicating those of Merrill Lynch, Pierce, Fenner & Smith. Appellant and Fayetta Hartin filled in the checks and recruited Alice Varnum to pass them. A store sales clerk detected the forgery and called police. The arresting officer obtained a description from the clerk, and located Alice Varnum in an adjacent parking lot. When he approached her she immediately identified herself as the person he was seeking, and stated that there were two others involved, that the officer had "better get" them, that they were at a service station "on up the street." She got into the squad car, directed the officer to a nearby service station, and pointed out appellant and Fayetta Hartin as they were driving away. The officer pursued, stopped, and arrested them.

The next day FBI agents, acting pursuant to a search warrant issued on the basis of information supplied by Alice Varnum, seized a check protector, a typewriter, and 140 fake Merrill Lynch, Pierce, Fenner & Smith checks from an apartment at 1621½ "W" Street, Sacramento, California. Appellant's fingerprints were found on the check protector and one of the blank checks.

Appellant contends that his arrest was illegal, and that therefore the fingerprints subsequently taken from him should not have been admitted into evidence. *See* Davis v. Mississippi, 394 U. S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

 Appellant does not challenge the fact that the arresting officer had probable cause to believe Alice Varnum had committed a felony. The only question is whether a prudent man would have relied upon her identification of her accomplices. We think he would. Alice Varnum's immediate and spontaneous admission of her own guilt lent credence to her statement regarding her two cohorts; and the reliability of her accusation was further supported by the prompt location of the two alleged co-participants where she said they would be. *See* Wooten v. United States, 380 F.2d 230, 232 (5th Cir. 1967); Gilbert v. United States, 366 F.2d 923, 931 (9th Cir. 1966); Bernard v. United States, 360 F.2d 300, 304 (5th Cir. 1966); United States ex rel. Gates v. Pate, 355 F.2d 879, 881–882 (7th Cir. 1966).

---

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. Section 2314, in pertinent part, states: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited * * *

 * * * * *

 Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Pulido v. United States, 425 F.2d 1391 (9th Cir. 1970), is distinguishable. There the informing participant was a narcotics offender—a notoriously unreliable source, see Gilbert v. United States, supra, 366 F.2d at 931, n. 9—and the circumstances surrounding the identification of the alleged co-participants lent less support to its reliability.

Appellant challenges the sufficiency of the affidavit supporting the search warrant. The affidavit, made by an FBI agent, is reproduced in the margin.[2] The question is whether it sets forth circumstances from which the magistrate could have made an independent judgment (1) as to Alice Varnum's reliability, and (2) as to the validity of Alice Varnum's conclusion that the items to be seized were where she said they were. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The second requirement is satisfied by the recitations in the affidavit that Alice Varnum personally observed Louie and another man take the typewriter and check protector from a car to the apartment at 1621½ "W" Street, Sacramento. The first requirement is satisfied by the following recited circumstances indicating Alice Varnum's reliability: her immediate admission of personal guilt and her cooperation in locating and identifying her collaborators; the absence of a motive for falsification; the likelihood that a typewriter and check protector would be employed in a scheme of the type involved; the fact that the telephone number which Alice Varnum said Louie gave her to be used in emergencies was listed to the apartment in question; the report by Merrill Lynch, Pierce, Fenner & Smith that a quantity of its checks had been stolen in San Francisco; and the report of the San Francisco FBI office "that checks matching this description were believed to be in the possession of Alice Varnum, Kelly( female; LNU) and George Louie."

Appellant complains that testimony elicited by the prosecutor from Fayetta Hartin may have suggested to the jury that appellant had a prior criminal record. After appellant established that he did not fill in the forged checks himself, the prosecutor asked the witness

2. "One ALICE MARIE VARNUM was apprehended 8/22/67 at Crossroads Shopping Center immediately after having attempted to pass a check drawn on Bankers Trust, New York, against the account of Merrill Lynch, Pierce, Fenner & Smith.

Headquarters of this firm in New York recently reported a quantity of these checks were recently lost by a man connected with the firm in a robbery in San Francisco.

FBI San Francisco forwarded information this date that checks matching this description were believed to be in the possession of Alice Varnum, Kelly (female; LNU) and George Louie.

At the time of apprehension of Varnum, she identified Fayetta Kelly Hartin and George Sing Louie, located in the immediate vicinity, as her collaborators in a scheme to pass Merrill Lynch checks at business establishments in northern California in recent days. She indicated numerous such checks had in fact been passed by the trio. She, herself, passed in excess of 5 thousand dollars' worth, turning over all proceeds to Louie.

She was aware that Louie filled in Merrill Lynch checks with the aid of a typewriter and check protector in a motel room in Stockton, while Kelly stayed with her in an adjoining room.

She personally observed Louie, with the assistance of Johnny (male Negro; LNU), remove a typewriter and check protector from an automobile to an apartment (number unknown) at 1621½ W St., Sacto., on or about the evening of August 18, 1967. There after Louie provided her with phone number 442 7529 as an emergency contact; this is listed to John Darden at Apt 2 at 1621½ W St., Sacto.

George Louie, identical with the individual so described above, is currently registered ("party of two") at Sacramento Inn, Room 639, under the name of Mr. & Mrs. George Lewis.

At the time of apprehension on 8/22/67, Louie had only a nominal sum of money in his possession."

Hartin why she and not appellant had completed the checks. She answered, "He [appellant] told me that I should make them out because I had never been arrested before and that the Feds had several samples of his handwriting." The answer was clearly relevant, and the danger of prejudice on the ground suggested by appellant was relatively slight. *See* Cohen v. United States, 378 F.2d 751, 758–759 (9th Cir. 1967), and cases cited.

▮ Appellant's objections to the instructions are not well taken. We approved the instruction that "you may consider any interest the defendant may have in the outcome of the case, his hopes and his fears and what he has to gain or lose as a result of your verdict" in Papadakis v. United States, 208 F.2d 945, 954 (9th Cir. 1953). The instruction that the jury should determine intent from all circumstances in the case "including similar offenses by the defendant" was correct. *See, e. g.*, Fineberg v. United States, 393 F.2d 417, 419 (9th Cir. 1968). Appellant's assertions of "plain error" in other portions of the instructions are equally without merit.

▮ We have examined the record and are satisfied that the evidence was sufficient. The government was not obliged to establish that the forged checks had a value of five thousand dollars or more; the five thousand dollar minimum was intentionally omitted from the portion of the statute under which appellant was charged. United States v. Sheridan, 329 U.S. 379, 389–390, 67 S.Ct. 332, 91 L.Ed. 359 (1946).

▮ We granted appellant leave to file a supplemental brief in pro per, and provided that if any arguable points were raised counsel would be appointed to argue them. *See* United States v. Johnson, 421 F.2d 1342 (9 Cir. 1970).

Appellant's supplemental brief reargues the claimed illegality of appellant's arrest and the asserted insufficiency of the affidavit supporting the search warrant, but adds nothing of significance to the presentation of counsel on these issues. None of appellant's five new contentions have arguable merit: (1) The court was not required to utilize the Youth Corrections Act, 18 U.S.C. §§ 5005–5026, in sentencing appellant. United States v. Lane, 284 F.2d 935, 941 (9th Cir. 1960). (2) Use of the type of information relied upon by the sentencing judge was approved in Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). *See also* Gregg v. United States, 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969). (3) The court did not deny appellant compulsory process for obtaining material witnesses, as appellant asserts, but rather denied him an additional continuance to locate witnesses. In light of the lateness of the request and the granting of several prior continuances, the court's ruling was not an abuse of discretion. Brewer v. United States, 150 F.2d 314, 315 (9th Cir. 1945). (4) Seizure of the false checks was reasonably related to the purpose of the search, and hence was permissible even though the checks were not described in the warrant. Davis, Federal Searches and Seizures 68–70 (1965). (5) Appellant had the burden of proving discrimination in the selection of the grand and petit juries, Rosenzweig v. United States, 412 F.2d 844, 845 (9th Cir. 1969); Bloomer v. United States, 409 F.2d 869, 871–872 (9th Cir. 1969), and his failure to object prior to or during trial prevents him from raising the point on direct appeal. Fernandez v. Meier, 408 F.2d 974, 976–977 (9th Cir. 1969) (dictum). *See also* Fed.R.Crim.P. 12(b) (2).

Affirmed.