forty-eight hours in any one week or eight hours in any one day, or on more than six days in any calendar week," with an exception that in a manufacturing establishment women may be employed for 9 hours in any one day but not more than 48 hours in any one week or 6 days in any week.

The appellee filed this action to obtain injunctive relief on the ground that the field covered by the statutes in question has been pre-empted and made unlawful by the provisions of the Civil Rights Act, 42 U.S.C. § 2000e et seq. After hearing the District Court granted a temporary injunction pending the disposition of the principal action. On this record we cannot say that the findings of fact are clearly erroneous. Rule 52, Rules of Civil Procedure, 28 U.S.C.A. Nor can we say that the trial judge abused his discretion in enjoining the appellants from prosecuting the appellee under the statutes to which reference has been made.

The judgment of the District Court is affirmed.

Robert W. Plath (argued), San Francisco, Cal., for appellant.

David P. Bancroft, Asst. U. S. Atty. (argued), James L. Hazard, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and BELLONI,* District Judge.

**Romo LO BUONO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 71–1316.**

United States Court of Appeals,
Ninth Circuit.

Jan. 21, 1972.

Rehearing Denied March 7, 1972.

BELLONI, District Judge.

Lo Buono was convicted of the sale and possession for sale of 7,854 LSD tablets in violation of 21 U.S.C. § 331(q). He claims his conviction should be reversed on the ground that he was unlawfully entrapped as a matter of law.

Lo Buono's appeal briefs presented two theories. First, he argues that the issue of entrapment should have been decided by the judge, not the jury. On oral argument he admitted the federal cases all go against him on this theory. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

* Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation.

We agree and see no reason to change the law of this circuit. Pulido v. United States, 425 F.2d 1391 (9th Cir. 1970).

Lo Buono's second theory is that the evidence required a finding of entrapment as a matter of law. After a defendant introduces evidence of entrapment the burden shifts to the government to prove predisposition. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). We hold the facts were such that the jury could have found the appellant to be a voluntary seller rather than an entrapped one. Their verdict shows the jury found the government proved predisposition beyond a reasonable doubt.

We affirm.

Richard W. Perkins, Atty., Dept. of Justice (Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks and Stephen H. Hutzelman, Attys. Dept. of Justice, and George Beall, U. S. Atty., D. Md., and John G. Sakellaris, Asst. U. S. Atty., on brief), for appellant.

Edward S. Smith, Baltimore, Md. (Albert S. Barr, III, Paul V. Niemeyer, and Piper & Marbury, Baltimore, Md., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and BRYAN and BUTZNER, Circuit Judges.

**HEAD SKI COMPANY, Inc., Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 71–1544.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1971.

Decided Jan. 26, 1972.

PER CURIAM:

The government appeals from the entry of summary judgment in favor of Head Ski Company granting a refund of income tax for 1965.[1]

The sole issue is whether a premium Head Ski paid for the redemption of a convertible note was deductible as a business expense or nondeductible as a capital outlay. Applying Treasury Regulation § 1.61–12(c) (1) (1965),[2] the district court held that the premium was deductible. In reaching this conclusion, it relied primarily on Southwest Grease & Oil Company, Inc. v. United States, 435 F.2d 675 (10th Cir. 1971), and Roberts & Porter, Inc. v. Commissioner of Internal Revenue, 307 F.2d 745 (7th Cir. 1962), which in their material aspects are indistinguishable. We affirm.

1. Head Ski Co. v. United States, 323 F. Supp. 1383 (D.Md.1971).

2. The transaction occurred before the effective date of 26 U.S.C. § 249 (1969), which contains a limitation on the deduction of a premium paid to repurchase convertible obligations.