UNITED STATES of America, Plaintiff-Appellee,

v.

Harold HILLS and Oreather Hills, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

Mariano ESPARZA–ALANIZ, Defendant-Appellant.

Nos. 71–2517, 71–2518.

United States Court of Appeals, Ninth Circuit.

July 31, 1972.

---

**1024**

J. David Franklin, (argued), of Odorico & Franklin, Charles T. McCutcheon, San Diego, Cal., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Atty. (argued), James W. Brannigan, Stephen G. Nelson, Asst. U. S. Attys., and Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and LYDICK,* District Judge.

PER CURIAM:

After trial by jury, defendants Mariano Esparza-Alaniz and Harold Hills appeal from their conviction for violation of 18 U.S.C. 371 and 8 U.S.C. §§ 1324 and 1324(a) (conspiracy to induce the illegal entry of aliens and to transport illegal aliens; transportation of aliens il-

legally within the country) and sentence thereunder. Appellant Oreather Hills appeals her conviction for violation of 18 U.S.C. 371.[1]

Eleven separate items of error are specified by appellants. None has merit, nor do they collectively. The attempt by appellants to invoke this Court's decision in Pulido v. United States, 425 F.2d 1391 (1970) is rejected; the facts therein are clearly distinguishable from those found here. Ninth Circuit cases subsequent to Pulido have limited the holding in that case to its precise facts. Two factors in Pulido have been given controlling significance: the informer-accomplice was a narcotics addict (a notoriously unreliable source) and the identification was given on the street shortly after the arrest, after other information given by the informant concerning the location of the other accomplices turned out to be incorrect (thus casting further doubt on his reliability). In the present case, the informer made a sworn affidavit with advice from her counsel concerning the illegal alien-smuggling activities in which she was involved. She gave the phone number of Esparza-Alaniz as the number of two fellow conspirators, a Mexican couple, living in Encinitas. The existence of the phone number in Encinitas was corroborated by the officers, as well as the fact that a Mexican couple lived there, and appellant was ascertained to be the person in whose name the phone was registered. He was thereafter arrested. Under the cases in this circuit subsequent to Pulido this is a sufficient showing of reliability to support an arrest without a warrant. See Louie v. United States, 426 F.2d 1398, 1400–1401 (9th Cir., 1970); Musgrove v. Eyman, 435 F.2d 1235, 1238 (9th Cir., 1971); and United States v. Rodriquez, 438 F.2d 1164, 1166 (9th Cir., 1971).

The judgments are affirmed.

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.

1. Co-defendants Hohn, Jones, Vertaul (Bretado) and Vigil pleaded guilty; co-defendant Herlinda de Esparza, also found guilty after jury trial, did not appeal.