977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry BENDER, Defendant-Appellant.
 No. 91-10550.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Oct. 5, 1992.
 
 Before ALARCON, BOOCHEVER and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Henry Bender appeals from the district court's imposition of a thirty-month sentence after Bender pleaded guilty to one count of conspiracy to commit wire fraud and aiding and abetting. Bender claims the district court erred in its upward adjustment of his sentence because he was not a manager or supervisor in the conspiracy. Bender argues (1) that the district court denied him due process because it improperly called and questioned a witness at the sentencing hearing, (2) that the district court's finding that he was a manager or supervisor of the conspiracy was clearly erroneous, and (3) that the court erred in imposing a greater sentence on Bender than on a co-defendant. We affirm the district court's sentencing determination.
 
 I.
 
 3
 On December 12, 1990, the grand jury for the District of Nevada charged Bender with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and with aiding and abetting in violation of 18 U.S.C. § 2. On May 1, 1991, after entering into a plea agreement with the Government, Bender pleaded guilty to the indictment. In return for this guilty plea, the Government agreed 1) to recommend that Bender be given a two-level reduction in base offense level for acceptance of responsibility, 2) to stand silent regarding the determination of Bender's role in the offense and the sentence that should be imposed by the court, and 3) not to seek an upward departure from the Sentencing Guidelines.
 
 
 4
 The parties agreed that the pre-sentencing offense level should be ten. The probation officer's pre-sentence report, however, recommended that Bender be given an additional three-level increase because the probation officer found that Bender was a manager or supervisor in the conspiracy. The probation officer based this finding on the FBI's investigative report, which said that "Frederick Haynes and William Bender recruited Gary and Laura Higgins to use the telephone at their apartment for defrauding the victims." On October 18, 1991, Bender objected to this finding at the original sentencing hearing. The district court continued the hearing on its own motion and directed that FBI case agent Michael Levin testify regarding Bender's role in the offense. Bender's counsel did not object to the court's direction that Agent Levin should be called as a witness.
 
 
 5
 At the sentencing hearing, the district court questioned Agent Levin about Bender's role in the conspiracy. In response to the court's questions, Agent Levin testified that Bender recruited at least two persons to participate in the conspiracy. Agent Levin testified that those two persons, Laura and Gary Higgins, told him that "Mr. Bender and Allan Haynes were owners, or members, of a telemarketing company that recruited Laura and Gary to use their telephone." Agent Levin also testified that, "the codefendants refer to Mr. Bender as the founder or the leader of this organization...." Agent Levin further stated that Gary Higgins occasionally picked up money wires for Mr. Bender. Finally, Agent Levin stated that he believed that Mr. Bender held an equal managerial position in the conspiracy as its founder, Mr. Haynes, and thus was equally culpable. Bender's defense counsel was permitted to cross-examine Agent Levin. The Government did not question Agent Levin.
 
 
 6
 The district court found that Bender was a manager or supervisor of the conspiracy. The court stated that "the defendant at least participated in part of the initiation of this scheme with codefendant Haynes, even though Haynes may have started earlier...." The court also found that Bender could be characterized "as a participant in the recruiting, along with Haynes, of Mr. and Mrs. Higgins, using Higgins' apartment, [and] having Mr. Higgins pick up money for him on at least one occasion." The court concluded that "the only appropriate characterization is to treat the defendant [Bender] as a manager or supervisor." Because the conspiracy included five or more people, the court increased Bender's offense level by three levels pursuant to section 3B1.1(b) of the Sentencing Guidelines. The court sentenced Bender to thirty months of imprisonment.
 
 II.
 
 7
 Bender contends that his due process rights were violated when the district court called and questioned Agent Levin during his sentencing hearing. Bender argues that because the Government has the burden of proving the facts associated with any upward adjustment in a defendant's base offense level, the district court improperly usurped the Government's responsibility by calling a witness on its own motion. Bender further argues that because the Government had agreed to stand silent at the sentencing hearing and not seek any upward adjustment in his offense level in return for a guilty plea, the court effectively robbed Bender of the benefit of his bargain by calling a witness to support a sentence enhancement.
 
 
 8
 None of these arguments were presented to the district court, nor did Bender object to the procedure followed by the court. In fact, the three times that the court addressed Bender's attorney concerning its plan to have Agent Levin testify, Bender's counsel expressly agreed to the proposed procedure.[1] The failure to present these contentions to the district court precludes raising them on appeal. United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.1992), petition for cert. filed, (U.S. July 13, 1992) (No. 92-5143). In Belden, we held that a defendant's failure to argue to the district court that his sentence was incorrectly determined precluded appellate review of the issue. Id.
 
 
 9
 There are three recognized exceptions to the general rule that this court will not consider issues raised for the first time on appeal. First, review is appropriate "where a new theory or issue arises while an appeal is pending because of a change in the law." United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Second, review is proper "where the issue conceded or neglected below is purely one of law and does not affect or rely on the factual record developed by the parties, or the pertinent record has been fully developed...." United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978) (citations omitted). Third, review may be had "where plain error has occurred and injustice might otherwise result." Whitten, 706 F.2d at 1012.
 
 
 10
 The circumstances shown by Bender do not come within these exceptions. Bender has not cited, nor have we discovered, any relevant change in the law since the district court rendered its judgment.
 
 
 11
 "A district court has the power to call any witness as the court's witness." Estrella-Ortega v. United States, 423 F.2d 509, 510 (9th Cir.1970). The decision whether to exercise this power is left to the discretion of the district court. Id. The exercise of this discretion depends upon whether the calling of a witness is necessary to assist the court in its search for the truth. Whether the district court erred in calling Agent Levin to testify is not a pure question of law because the district court was required to consider the facts of the case before making its decision. The record does not demonstrate plain error. Because Bender failed to object to the district court's questioning of Agent Levin at the sentencing hearing, he failed to preserve that issue for appellate review.
 
 III.
 
 12
 Bender also contends that the district court erred in finding that he was a manager or supervisor. A district court's finding that a defendant is a manager or supervisor of a conspiracy is a question of fact which is reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992).
 
 
 13
 Agent Levin testified that both Laura and Gary Higgins considered Bender to be their recruiter. He further testified that other co-defendants considered Bender to be their leader. Agent Levin also testified that Bender told him that he paid Mr. Higgins two hundred dollars to pick up a Western Union money transfer for him.
 
 
 14
 Section 3B1.1(b) of the Sentencing Guidelines requires a district court to increase the offense level by three if it finds that the defendant was a manager or supervisor of a criminal activity involving five or more people. The relevant application note to section 3B1.1 provides:
 
 
 15
 In distinguishing a leadership and an organizational role from one of mere management or supervision, ... [f]actors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning and organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 16
 U.S.S.G. § 3B1.1 (Application Notes) (emphasis added). Thus, the Guidelines contemplate that a person who recruits cohorts and has some control over them is at least a manager or supervisor.
 
 
 17
 In addition, this court has held that an upward adjustment for a managerial role may be properly found if a defendant merely has recruited others into a criminal activity and has exerted some minimal control over them. United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991), petition for cert. filed, (U.S. July 15, 1992) (No. 92-5283). In Hernandez, the defendant's sentence enhancement for his role in the crime as a manager was upheld on the basis that he recruited and hired two of the people involved in the crime, and "basically explained to them what they were to do." Hernandez, 952 F.2d at 1119. It is clear from the record that Bender not only recruited two participants into the conspiracy, but he also instructed and paid one of them to pick up fraudulently obtained funds. Thus, the district court's finding that Bender was a manager or supervisor was not clearly erroneous.
 
 
 18
 Bender claims that United States v. Tamez, 941 F.2d 770 (9th Cir.1991), and United States v. Mares-Molina, 913 F.2d 770 (9th Cir.1990), support his argument that he was not a manager or supervisor. Neither of these cases, however, involve the recruiting of others to join in a conspiracy. In Tamez, we held that the defendant was not an organizer or leader solely because he knowingly permitted drug distribution to occur on his property. 941 F.2d at 777. This court reasoned that, absent other evidence, knowing that illegal activity is taking place on your property does not mean that a defendant was a "significant player" in the activity, "let alone an organizer or leader." Id. This court reached a similar conclusion in Mares-Molina, holding that sentence enhancement was inappropriate even though the defendant owned a warehouse where drugs were stored, because there was no evidence that he "exercised control or was responsible for organizing, supervising, or managing others in the commission of the offense." 913 F.2d at 773. Bender's involvement in the conspiracy went beyond mere knowledge of the criminal activity.
 
 IV.
 
 19
 Finally, Bender challenges the validity of his sentence because it was longer than the one imposed upon his co-defendant, Haynes. We have previously held that a defendant cannot challenge his sentence solely because he received a longer sentence than a co-defendant. United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991); United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990). A defendant who challenges his or her sentence must show that it was imposed as a result of incorrect or inadmissible information, or an improper application of the Sentencing Guidelines. Carpenter, 914 F.2d at 1136. Bender has not made such a showing. Because Bender's sentence does not exceed the maximum length allowed by the Guidelines for his offense level, the district court's sentence determination is valid.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 During the October 18, 1991 hearing, after the court expressed its desire to hear the testimony of Agent Levin, Bender's attorney stated, "First of all, as part of the plea agreement I don't know how we're going to work this cause [sic] the Government agreed to stand silent as to the role in the offense. But by the same token, I understand the Court's wanting to have this information. I tried to get the FBI in here, and they didn't agree to come down." Bender's attorney then proceeded to name all the parties from whom the court might wish to acquire more information. During the same hearing, and after the court ordered the U.S. Attorney to bring Agent Levin to the court on October 29, Bender's attorney apologized for not producing Agent Levin himself, and stated that "Mr. Bender and I feel that he's [Agent Levin] going to support our position." During the October 29, 1991 hearing, after the court called Agent Levin to the stand, the court stated, "Maybe I can start with just a couple of questions. Just stay right there, Mr. Albregts [Bender's Attorney], and--". Bender's attorney then replied, "That's great."