**UNITED STATES of America,**
Appellee,

v.

**Marco Antonio LOPEZ–HERNANDEZ,**
Appellant.

No. 23966.

United States Court of Appeals
Ninth Circuit.

Nov. 25, 1969.

---

Fred J. Hermes (argued), San Rafael, Cal., for appellant.

Ann Bowen (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

The appellant was charged with having unlawfully imported a quantity of heroin into the United States, thereby violating 21 U.S.C. § 174. His first trial resulted in a judgment of conviction, but we were required to reverse the judgment and remand the cause. Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968).

Now the appellant, in a second jury trial, has again been found guilty of the offense and appeals from the consequent judgment. His appellate counsel, who did not participate in the proceedings below, ably expounds two interrelated contentions:

(1) That the evidence is insufficient to support the conviction, and

(2) That the evidence establishes, as a matter of law, that the Government entrapped appellant into the commission of the offense.

We have reviewed the record. It corroborates appellant's argument that the credibility of one of the Government's principal witnesses, its informing agent, was questionable. The record also reveals certain inconsistencies in the testimony of the witnesses for the prosecution. Nevertheless, we are required to analyze the testimony in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The application of that principle, coupled with the fact that the credibility of witnesses and the weight to be accorded their testimony were matters for the jury's determination, leads us to reject the appellant's contentions.

It should be noted, too, that there was no claim of entrapment in the court below and that the appellant did not request that the jury be given instructions on that issue.

Affirmed.