James **PEREZ**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 23988.

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1970.

George H. Chula, Santa Ana, Cal., for appellant.

Arnold G. Regardie, Asst. U. S. Atty., Wm. M. Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Perez appeals from a judgment of conviction on a jury verdict finding him

guilty of concealment and sale of heroin, in five counts, in violation of 21 U.S.C. § 174. At the close of the Government's testimony, the Court dismissed two counts charging violation of 26 U.S.C. § 4705(a). He was sentenced to the custody of The Attorney General for five years on each count, the sentences to run concurrently.

Roy Rivas, a Government informant, met the appellant while they were serving a term in jail. Rivas, after his release, made an arrangement with the Federal Bureau of Narcotics in San Diego under which he was employed as an informant. He subsequently contacted appellant and, during the course of the conversation, indicated that he was a dealer in narcotics and was looking for a connection in San Diego. When the conversation ended, it was agreed that appellant would talk to a friend and make a later report.

Shortly before the first sale, Rivas and two state narcotics agents went to appellant's home to discuss a purchase. Appellant informed them that he had nothing available at that time, but that he was expecting to be reached by a friend who had access to heroin. Later, appellant stated that his friend would need between $175.00 to $275.00 to cross the Border to make the purchase. When Rivas said he did not have the money, the appellant indicated he would try to solve the problem. Still later, appellant contacted Rivas, at which time they arranged to meet in Santa Ana. There, appellant sold to Agent Moreno of the Federal Bureau of Narcotics, approximately one ounce of heroin for $300.00. Moreno testified that appellant originally wanted $400.00 because the heroin was fresh and had just arrived from Tijuana, Mexico. In that conversation, appellant allegedly said that if Moreno wanted more narcotics, appellant's buddy could supply the need. These statements were all denied on the witness stand by the appellant. Moreno testified that on May 2nd, at the same location, he again purchased one ounce of heroin from appellant, at which time the appellant, as testified to by Moreno, said that he

would not be able to return to Santa Ana for such a small amount and that the next time he would not make the trip for less than five to seven ounces. Otherwise, it would not be worth his time. At that point, appellant gave his telephone number to Moreno. The third meeting, May 8th, was had at the same location. On that date, according to the agent, appellant produced five ounces of heroin. The agent then signalled for appellant's arrest by officers who were maintaining a surveillance. Appellant attempted to evade arrest by running away.

Appellant's testimony is in marked contrast to that of Rivas and Moreno. He testified that when Rivas first contacted him and asked for narcotics, he stated that he did not want any part of it, but finally agreed to act after Rivas repeatedly called his house and painted a rosy picture of the money that the two could make by trafficking in heroin.

■■ First, appellant urges that the Court's acquittal on the § 4705(a) counts amounted, in effect, to an acquittal on the other counts. He argues that a single course of conduct was involved in each of the offenses and that the acquittals on two require that all be dismissed. Appellant's position is not supported by the authorities. The same act or transaction may constitute two distinct offenses if each offense, as defined by Congress, requires the proof of some fact or element not required to establish the other. Dear Wing Jung v. United States, 312 F.2d 73 (9th Cir. 1962); Barnett v. Gladden, 375 F.2d 235 (9th Cir. 1967) (a state statute and city ordinance); Henry v. United States, 215 F.2d 639 (9th Cir. 1954); Conerly v. United States, 350 F.2d 679 (9th Cir. 1965). To place our case within the perimiter of those decisions, we need only point to the fact that § 4705(a) requires proof that a sale of narcotics was not made in pursuance of a written order form, while § 174 has no such requirement. Clearly, the § 174 counts on which appellant was convicted are separable and distinct from the counts which were dismissed.

Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), on which appellant relies, is patently distinguishable. In *Green*, the jury, on a first degree murder indictment, convicted the defendant of second degree murder. On appeal, the conviction was reversed. On remand, the defendant was again tried and then convicted of first degree murder under the original indictment. The Supreme Court correctly held that defendant's second trial for first degree murder violated the double jeopardy provision of the Fifth Amendment. Other cases cited by appellant are no more applicable than *Green*.

■ Appellant argues that the Government conceded entrapment. The Government originally requested an entrapment instruction which would be applicable to all counts. In the preinstruction conference, the Government took the position that the defendant denied the commission of the crimes charged in all counts with the exception of count seven and that the general entrapment instruction should be limited to that count. During the course of the discussion on whether the instruction should be limited to one count, a colloquy[1] occurred between the court and counsel. Accordingly, appellant was entitled to the entrapment instruction on count seven only. Although the Government requested the instruction on that count, it did not, as argued by appellant, concede that appellant was entrapped even on that count. The Government conceded only the propriety of giving an entrapment instruction on that count.

On a related question, appellant would have us rule, as a matter of law, that the Government failed to prove beyond a reasonable doubt that appellant was not entrapped. We must start with the rule that the evidence must be viewed by us in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Hiram v. United States, 354 F. 2d 4 (9th Cir. 1965); Latham v. United States, 407 F.2d 1 (8th Cir. 1969); Pederson v. United States, 392 F.2d 41 (9th Cir. 1968). The rule, of course, includes all inferences to be drawn from the evidence. Yeargain v. United States, 314 F.2d 881 (9th Cir. 1963).

■ Admittedly, the Government agents afforded the appellant the occasions for the commission of the alleged crimes. However, entrapment does not occur, as a matter of law, unless the Government agents do more, and, by means of pressure, persuasion or enticement, induce a person to commit the offense. The Government had the burden of proving, beyond a reasonable doubt, that no such influence or persuasion was employed. Where, as here, there is a major dispute as to what was said and done in connection with the initial and subsequent meetings, the issue is for the jury under proper instructions. United States v. Walton, 411 F.2d 283 (9th Cir. 1969), and cases therein cited, including Masciale v. United States, 356 U.S. 386,

---

[1] * * * * *

"MR. REGARDIE:* Your Honor, the Government requests that the instruction on entrapment not be given with respect to the counts except for count VII. This is because the defendant, when he took the stand, testified and in effect denied the alleged crime in the indictment." (T. 440).

* * * * *

"THE COURT: Just specifically give me this information. Are you contending that entrapment occurred only as to the first count?

MR. REGARDIE: Only as to the last count, your Honor, which is the delivery of 107 grams to Agent Moreno.

THE COURT: That is count VII?" (T. 441–442).

* * * * *

"THE COURT: All right, I will hear from you, counsel.

MR. CHULA.** If your Honor please, it is obvious the man said he gave the informant the money in the first two counts, that the stuff was delivered to him in the two little packets. Counsel asked some leading questions and said, 'Who did you sell to?' and this is—

THE COURT: I will just give the instruction generally and let the jury decide it." (T. 442).

* Assistant United States Attorney.
** Defense counsel.

78 S.Ct. 827, 2 L.Ed.2d 859 (1958). Beyond doubt, there is sufficient evidence in this record to support the finding, inherent in the jury's verdict, that the Government agents did not by means of inducement or persuasion lead the appellant to commit the crimes as charged. If the testimony of the Government's agents is to be believed, the appellant was not persuaded, but was a ringleader in the narcotic traffic.

The factual atmosphere in Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), on which appellant relies, is not here present. There, the testimony was undisputed. A Government informer met the defendant at a doctor's office where both were being treated for narcotic addiction. The informer asked the defendant to help him obtain narcotics for his own use. Defendant was reluctant to do so, but the informer persisted. Finally, the defendant made several small purchases of narcotics and let the informer have half of each amount purchased at cost, plus expenses. By pre-arrangement, other Government agents then obtained evidence of three similar sales to the informer. On these transactions, the defendant was indicted and convicted. Here, unlike *Sherman*, there was a wide disparity between the testimony on behalf of the appellant and that produced by the Government on the issue of entrapment.

 Appellant, in one of his contentions, claims that the instruction as to the presumption of knowledge of unlawful importation and the instruction as to entrapment are conflicting. He reasons that the presumption instruction led the jury to believe that if they found the appellant had possession of the heroin, which he claims he admitted in his defense of entrapment, that the jury could, nevertheless, find appellant guilty if he failed to explain such possession to the jury's satisfaction. First of all, appellant admitted possession only as to one count. Appellant denied that he ever made a statement to the informer

or the agent that the heroin was fresh and had just come from Mexico. Moreover, he testified that the heroin sold to the agent on three occasions, came from the informant, Rivas. Consequently, although appellant admitted making the sale, he did not admit knowledge of the fact that the heroin had been illegally imported from Mexico. Accordingly, the instructions were proper on the charges contained in the counts just mentioned. Of course, a defendant must admit the commission of the crime before he is entitled to the defense of entrapment. United States v. Lopez-Hernandez, 418 F.2d 1243, (9th Cir. 1969); Wilson v. United States, 409 F.2d 184 (9th Cir. 1969), cert. denied 395 U.S. 983, 89 S.Ct. 2146, 23 L.Ed.2d 771, and cases therein cited. Nowhere in the record before us is there an admission by the appellant that he knew that the heroin was illegally imported. This is true even as to Count Seven. In these circumstances, the Government had a right to request and the Court was required to give the presumption instruction. The Supreme Court has just decided that the statute on which the presumption instruction is based is not, as to heroin, constitutionally infirm. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (January 20, 1970).

 Finally, appellant argues that compliance with the Federal Narcotics Importation Laws would violate his Fifth Amendment rights. Although he does not articulate his position with any degree of clarity, we think he feels that the logic used in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed. 57 (1969), in declaring the statutory presumption constitutionally invalid in marihuana cases, should likewise apply to heroin. Turner v. United States, *supra*, resolves the issue against appellant. If appellant's challenge goes to the § 4705(a) counts, he is faced with Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (December 8, 1969), and the fact that those counts were dismissed.

Finding no error, we affirm.