**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David L. JOHNSON, Defendant-Appellant.**

**No. 24320.**

United States Court of Appeals, Ninth Circuit.

Feb. 2, 1970.

**1343**

Gary F. Bass (argued), of Kroum, Bass & Mack, Seattle, Wash., for defendant-appellant.

Wm. H. Rubridge (argued), Luzerne E. Hufford, Jr., Asst. U. S. Attys., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, CARTER and WRIGHT, Circuit Judges.

PER CURIAM.

David L. Johnson appeals his conviction for robbery of a federally insured institution in violation of 18 U.S.C. §§ 2113 and 2. At trial, the government proved that appellant's wife entered the bank and appellant drove the getaway car.

The sole contention raised by appellant's appointed counsel is that the trial court improperly allowed the government to introduce a photographic exhibit into evidence without first requiring the witness then testifying to identify the exhibit in open court. As the record indicates and the government concedes, the trial judge mistakenly thought this witness had identified the exhibit. The exhibit had been fully identified by a previous witness, however, and the trial court's mistake was therefore innocuous. Furthermore, at trial appellant objected to the introduction of the exhibit solely on a ground which has been abandoned on appeal; no objection was made in the trial court on the ground that the photograph had not been properly identified. See Suhl v. United States, 390 F.2d 547, 556 (9th Cir. 1968).

One additional aspect of this case requires consideration.

Shortly before oral argument was to be heard by this court, appellant filed a motion asking us to appoint new counsel and to allow his appeal to commence anew. He alleged that his counsel's failure to raise additional points on appeal had denied appellant the effective assistance of counsel. We reserved decision on this motion until after oral argument.

After argument was heard, we issued an order deferring submission of the appeal and granting appellant leave to file a supplemental brief raising any additional points or authorities which appellant felt might support his appeal. Our order recited that if the supplemental brief raised any point which appeared to be arguable, new counsel would be appointed.

In his supplemental brief, appellant makes five numbered contentions, which raise two basic issues: (1) whether the trial court erred in failing to declare a mistrial after a government witness made a passing reference to the "arraignment of [appellant's] wife"; and (2) whether appellant's conviction should

**1344**

be reversed for insufficient evidence because of challenges which appellant raises to the credibility of the principal witness against him.

It is evident from an examination of the record that these contentions are not arguable on their merits and are therefore frivolous. Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The jury was probably unaware of the inadvertent and passing reference to appellant's wife, but in any event appellant can scarcely urge it as error since his counsel subsequently made much of the reference in an effort to impeach the witness (Tr. 140–41). Appellant's challenges to the credibility of the witness were clearly for the jury to weigh.

Appellant's motion is denied and the judgment of conviction is affirmed.