**UNITED STATES of America,**
**Appellee,**

**v.**

**Buster Jerry HENDERSON, Appellant.**

**No. 23818.**

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 1970.

Frank A. Evans, Jr., Los Angeles, Cal., for appellant.

George G. Rayborn, Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, CARTER and KILKENNY, Circuit Judges.

HAMLEY, Circuit Judge:

Buster Jerry Henderson appeals from a seven-count narcotic conviction. Five counts charged him with receiving, concealing, selling, and facilitating the concealment, transportation, and sale of heroin on January 25, 29, and 31, 1968, in violation of 21 U.S.C. § 174.[1] The other two counts charged him with selling heroin on January 25 and 29, 1968, without obtaining from the buyer a written order on a form issued for that purpose by the Secretary of the Treasury, in violation of 26 U.S.C. § 4705(a).

The Government's evidence showed the following: On January 25, 1968, Craig Lasha, an informant for the Federal Bureau of Narcotics and Dangerous Drugs (Bureau), introduced Deputy Sheriff Claudette Bell, acting in an undercover capacity, to defendant Henderson. Deputy Bell then purchased 20.370 grams of heroin from Henderson for three hundred dollars. On January 29, 1968, Miss Bell introduced Joseph Gordon to Henderson. Gordon was a Bureau agent who was also acting in an undercover capacity. At that time Gordon purchased 23.290 grams of heroin from Henderson for three hundred dollars. Then on January 31, 1968, Henderson delivered 41.790 grams of heroin to Gordon and was immediately placed under arrest. Henderson offered no evidence at the trial.

Lasha, the informant, testified for the Government concerning the January 25, 1968 transaction. Bearing upon his credibility, Lasha testified that he had been convicted of armed robbery in 1957 and of burglary in 1961, and that he had served seven years in prison as a result of these convictions. Lasha further testified that in March, 1966, he was indicted by a federal grand jury for selling heroin and marihuana in violation of the federal tax laws. Following return of the indictment, he agreed to work as an informant for the Bureau. He said he did so in the hope that he would be treated leniently with respect to the offenses charged in the 1966 indictment. According to Lasha, federal officials implied that he had to help the Bureau before he could expect any leniency from them.

It was while this "agreement" was in effect that Lasha assisted the Government in collecting evidence against Henderson concerning the January 25, 1968 transaction. In late February or early March, 1968, Lasha was granted probation on the 1966 charge.

On this appeal, Henderson links the Government's use of Lasha with the possibility of entrapment and other assertedly undesirable law enforcement practices. We have been confronted with a very similar claim about this particular informant in another recent heroin case. See Chisum v. United States, 421 F.2d 207 (9th Cir. 1970). However, just as

---

1. The conviction on the count pertaining to the January 31, 1968 transaction did not include the sale or facilitating the sale of narcotics.

defendant Chisum failed to convince us that the Government's resort to Mr. Lasha required reversal, so does defendant Henderson.

Henderson's brief is exceedingly cryptic, and to be understood fully it must be read in conjunction with his attorney's arguments before the trial court. On this first point, he apparently argues that: Because of Lasha's inherently unreliable credibility (as shown by his record of prior convictions), because of the nature of the "agreement" with the Government under which he was working when he helped collect evidence against Henderson, and because of the probability that Henderson would not have sold narcotics to a stranger such as Lasha without some strong inducement, the trial court should as a matter of law have discredited Lasha's testimony on the absence of entrapment and on other matters. In short, Henderson contends that the Government was estopped from asserting that Henderson was not entrapped, and he urges that the use of informants such as Lasha should be disapproved by the federal courts.

Lasha's testimony referred only to the January 25, 1968 transaction. As to that transaction, his testimony was fully corroborated on the lack of entrapment point as well as on all other matters by that of Deputy Sheriff Bell. Moreover, the trial judge, who was the fact finder, indicated at the close of the case that he did not base his finding of guilt upon Lasha's testimony but upon that of "a number of other people who have good reputations and in every sense appear to be reliable witnesses."

■ Apart from these considerations, Henderson cites no authority supporting his contention that, under circumstances such as were shown here, an informant must be disbelieved as a matter of law or entrapment must be presumed. Where, as here, the trial court allows the defendant broad latitude to probe the informant's background and motives by cross-examination, the question is one of credibility to be determined by the trier of fact. *See* On Lee v. United States, 343 U.S. 747, 757–758, 72 S.Ct. 967, 96 L.Ed. 1270 (1952);[2] Proffit v. United States, 316 F.2d 705, 707 (9th Cir. 1963). And, as we said recently in Powell v. United States, 420 F.2d 799 (9th Cir. 1969):

> "Although the use by the Government of an informer while there is pending against him serious charges of narcotic violations which might result in a long penitentiary sentence has been condemned (see Matysek v. United States, *supra*, 321 F.2d 246, 249 (9th Cir. 1963)), we cannot find entrapment as a matter of law."

*Cf.* United States v. Lopez-Hernandez, 418 F.2d 1243 (9th Cir. 1969).

■ We conclude that the conviction should not be set aside because of Lasha's testimony on entrapment, his past criminal record, or the "agreement" with the Bureau under which he was working at the time of his participation in the January 25, 1968 transaction.

■ Henderson's second argument for reversal is that, under the rationale of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Government may not rely on the presumption provided for in 21 U.S.C. § 174[3] in establishing the essential element that defendant knew the heroin in question had been imported contrary to

---

2. As pointed out in *On Lee*, if the trier of fact is a jury, the defendant is also entitled to a careful instruction on the "serious questions of credibility" raised by the "use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' * * *." 343 U.S. at 757, 72 S.Ct. at 973.

3. The section 174 presumption reads:
   "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

law.[4]  The same contention has recently been rejected, insofar as heroin is concerned, in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).[5]

Affirmed.

4. Section 174 pertains to three kinds of narcotic drug offenses.  The first is fraudulent or knowing importation or bringing in of any narcotic drug contrary to law.  The second is receiving, concealing, buying, selling, or facilitating the transportation, concealment, or sale of any narcotic drug after being imported or brought in, knowing the same to have been imported or brought in contrary to law.  The third is conspiring to commit any of the acts described above.

Henderson was charged and convicted under the second category of section 174 offenses.  The essential elements of this category are:  (1) that on or about the dates stated in the indictment, defendant received, concealed, sold, or facilitated the concealment, transportation or sale of the described narcotic drugs:  (2) that the drugs had been imported contrary to law; and (3) that defendant knew the drugs had been imported unlawfully.  Chavez v. United States, 343 F.2d 85, 86 (9th Cir. 1965).  As indicated above, Henderson's challenge to the presumption relates only to the third of these essential elements.

5. We also note that there is no factual basis for defendant's presumption argument.  The Government produced direct testimony to the effect that Henderson admitted he knew the heroin had been imported.  The Government did not ask the trial court, as fact finder, to apply the presumption, and there is no indication in the record that it did so.