**Carl Frank MITCHELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24880.**

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1970.

Rehearing Denied Jan. 5, 1971.

Herman C. Meyer (argued) of Gonzales & Mitchell, San Francisco, Cal., for appellant.

Paul J. Fitzpatrick (argued), Ass't. U. S. Atty., James L. Browning, Jr., U. S. Atty., Jerrold Ladar, Chief, Criminal Division, Michael H. Metzger, Ass't. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and BYRNE, District Judge *.

PER CURIAM:

Appellant Carl Mitchell was convicted by jury verdict on seven counts of attempted theft from the mails, in violation of Section 1708 of Title 18, United States Code.

Mitchell was employed as a truck driver with Hill's Transportation Company. Hill's had a contract with the Post Office to carry inbound mail from ocean-going ships to post office branches in the San Francisco Bay area. According to the government, Mitchell and four other truck drivers conspired to divert shipments of tape recorders, stereo equipment, and other material, into their own hands by changing address labels on the various packages. Five of these packages were addressed to Mitchell, and

---

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

two were addressed to his wife, Carol Mitchell.

The trial court granted a motion of acquittal on the conspiracy charge (count one) with the statement that the evidence was insufficient to present that charge to the jury, and a finding that no prejudice resulted to any person by reason of submitting the remaining counts (violations of § 1708) to the jury. The substantive counts submitted to the jury in which Mitchell was charged were: 7, 8, 9, 10, 11, 12 and 28.

Although the written verdict signed by the Foreman found Mitchell guilty on all counts, when the clerk was requested to read the verdict, the transcript shows the following: The clerk: "We, the Jury, find Carl Frank Mitchell, defendant at the bar, guilty on Count 7, guilty on Count 9, guilty on Count 10, 11, 12 and 28. Signed James K. Jarman, Foreman."

■ Whether the omission of Count 8 was an error on the part of the clerk or the reporter is uncertain. However, the reading was accepted by all concerned including the judge and all counsel. The defendant did not even raise the question in his brief. During oral argument we called the attention of counsel to the apparent error in the transcript. The appellant now argues he was denied his right to be certain of a unanimous verdict because of the clerk's omission of Count 8 when he read the verdict in open court (assuming it was the clerk's error and not the court reporter's). Appellant accepted the reading of the verdict and the polling of the jury without question and his objection at this time comes too late.

■ The indictment charged in each substantive count that appellant and others "did attempt to obtain and did obtain" certain packages from the mail. Both the government and the defendants treated the charges as though only the crime of attempt were specified in the indictment. No objection was interposed in the trial court, nor was it mentioned in appellant's brief filed in this court, but appellant now claims the charge is duplicitous.

It is the rule in this Circuit that failure to object to duplicity either prior to or during trial, constitutes a waiver of that objection. Witt v. United States, 196 F.2d 285, 286 (CA 9, 1952). See also Rule 12(b) of the Federal Rules of Criminal Procedure.

■ Appellant assigns as error misrepresentation of factual evidence by government counsel in his final argument. There appears to be some confusion in the use of the name, "Carl", (appellant's name) and "Carol", (appellant's wife's name) in the argument relating to a conversation between appellant's wife and a government agent. There is no indication in the record that appellant's counsel ever objected at trial to the remarks of counsel. His acquiescence in the substance of the remarks can be derived from his silence.

■ Appellant also contends that the use of Arthur Montero's testimony before the grand jury relating to a conversation with the appellant, deprived appellant of his right of confrontation under the Sixth Amendment. This is without merit as Montero took the witness stand to testify and was subject to cross-examination. In fact defense counsel asked Montero in cross-examination, "and you never spoke to Mr. Mitchell regarding any aspect of this case here today, did you?" Montero answered, "No, never." These circumstances fall squarely within the ruling of this court in Mendez v. United States, 429 F.2d 124, 128 (CA 9, 1970), which held the confrontation rationale of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), to be inapplicable "in a case in which the 'speaking' co-defendant testifies, since the otherwise 'harmed' defendant has 'an opportunity to confront and cross-examine those whose statements inculpated him' ".

We find no merit in Mitchell's remaining assertions of error.

Affirmed.