**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Germaine HAILI, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl K. H. KIM, Defendant-Appellant.
Nos. 24684, 25465.**

United States Court of Appeals,
Ninth Circuit.
May 20, 1971.

---

Richard S. Henderson, San Diego, Cal., for Germaine Haili.

Phillip Deitch, Beverly Hills, Cal., for Earl K. H. Kim.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and WRIGHT, Circuit Judges, and BYRNE, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Kim, Haili and several others were involved in an abortive attempt to smuggle marijuana into this country for eventual shipment and resale in Hawaii. Kim and Haili were jointly indicted, separately tried, and found guilty of three counts charging smuggling, illegal transportation and conspiracy to smuggle and transport marijuana. Each has appealed and as to each the judgment of conviction on all three counts is affirmed.

I. No. 24,684—*United States v. Haili.*

We have reviewed the many contentions of appellant Haili and find no error requiring reversal.

* Hon. William M. Byrne, United States Distirct Court, Central District of California, sitting by designation.

#### a. *Denial of a speedy trial*

■ Haili's zeal for a speedy trial is quite recent in germinating in that he made no such request during the pretrial period. Failure to raise the question during that period and seek an earlier trial amounts to a waiver of the right. *See* Benson v. United States, 402 F.2d 576, 581, n. 10 (9th Cir. 1968).

#### b. *Seizure of the note*

■ One of Haili's co-conspirators left a note for the others at a motel in Imperial Beach. The note was eventually procured by customs officials and introduced at Haili's trial. Although arguably injured by the allegedly improper seizure of the note, Haili had no proprietary interest therein and thus lacks standing to complain of the seizure. Diaz-Rosendo v. United States, 357 F.2d 124 (9th Cir.) (en banc), cert. denied 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83 (1966). *See also* Dearinger v. Rhay, 421 F.2d 1086 (9th Cir. 1970).

■ While admitting the general rule regarding standing, Haili suggests that the rule is, or ought to be, different where the evidence is seized from one conspirator and used against his co-conspirator. That contention is disposed of by Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

> "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. *Coconspirators and codefendants have been accorded no special standing.*" *Id.* at 172, 89 S.Ct. at 965. (Emphasis added.)

#### c. *Use of telephone records*

■ Haili complains of the admission of telephone records showing phone calls between him in California and Kim in Hawaii. The argument is that the Federal Business Records Act, 28 U.S.C. § 1732, violates his Sixth Amendment right to confront witnesses against him. This circuit has repeatedly sanctioned the use of this act for admitting evidence in criminal prosecutions. *See, e. g.,* United States v. DeGeorgia, 420 F.2d 889 (9th Cir. 1969).

#### d. *Prosecutor's comments.*

■ Haili argues that certain comments of the prosecutor were highly prejudicial and that one amounted to a comment on his failure to testify. As to the alleged comment on his failure to testify, the prosecutor told the jury "you know why he was hesitant to testify in this case." The comment, however, was made not about Haili but about one of his co-conspirators who testified under immunity.

■ As to the additional comments, we have carefully reviewed all remarks of the prosecutor in arguing to the jury. Some of the statements complained of are indeed unfortunate and unwise. The prosecutor would have been better advised to abbreviate his comments, avoid collateral matters, and concentrate on the evidence to be considered by the jury. Though comments of this type are unwise, at best, we do not believe that they rise to the level of error and, if error, were harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

#### e. *Use of prior convictions to impeach.*

■ Haili elected not to testify and now complains that he did so because of his prior convictions which ought not have been available for impeachment purposes.

Reliance is placed upon the *Luck* rule of the District of Columbia Circuit. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). Initially, we would note that neither *Luck* nor Rule 609(a) of the Proposed Rules of Evi-

dence for the United States Courts and Magistrates (March 1971) precludes the use of prior convictions for impeachment. Rather, both allow the district court to make an initial determination whether the prejudice to the defendant outweighs the probative value of the convictions for impeachment purposes.

There is, of course, some doubt whether Haili could even rely upon the rule in light of his decision not to testify. In any event, this circuit has consistently refused to follow the *Luck* rule. *See, e. g.,* Shorter v. United States, 412 F.2d 428 (9th Cir. 1969), cert. denied 396 U. S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969).

### f. *The statutory presumption of illegal importation.*

■■ This circuit has repeatedly held that the giving of the presumption instruction declared unconstitutional in ·Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) can be harmless error, particularly in cases like this where the marijuana was impounded at the border. *See, e. g.,* Feldstein v. United States, 429 F.2d 1092, 1095 (9th Cir. 1970). Giving of the instruction in this case was clearly harmless beyond a reasonable doubt. Chapman v. California, *supra.*

### g. *Restriction of cross-examination*

■■ Haili argues that the trial court improperly restricted his right to cross-examine a government witness. The scope of cross-examination is within the discretion of the trial court and limitation will not result in reversal unless it is clear that the defendant was denied his constitutional right of confrontation. Enciso v. United States, 370 F.2d 749 (9th Cir. 1967). There is no such showing here.

### h. *Single transaction, three counts.*

■■ Haili argues that this single transaction constituted at most a single offense rather than the three separate offenses charged in the indictment. The test, however, is not whether all counts grew out of a single transaction but rather whether the evidence to support the counts is different. *See, e. g.,* Clermont v. United States, 432 F.2d 1215 (9th Cir. 1970).

### i. *The testimony of a conspirator.*

■■ Haili contends that one of his co-conspirators ought not .have been allowed to testify because of his heavy use of drugs and allegedly defective memory. The question, however, is not one of admissibility but rather one of credibility and the proper weight to be accorded his testimony. Such are jury functions. United States v. Lopez-Hernandez, 418 F.2d 1243 (9th Cir. 1969).

### j. *The money order.*

■■ Haili contends that the admission of a money order, sent by him to a co-conspirator, was in violation of the Federal Communications Act, 47 U. S.C. § 605. As the government points out, however, disclosure under subpoena, as here, is specifically authorized by that same statute. Further, there was no objection at trial and this court will not consider objections to the admission of exhibits which were not objected to at trial, absent clear error. United States v. Johnson, 421 F.2d 1342 (9th Cir. 1970).

### k. *Cumulative error and the sufficiency of the evidence.*

Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence was clearly sufficient to negative abandonment of the conspiracy by Haili, particularly in light of his signature on the money order.

As to his "cumulative error" theory, this court has said that "[a]ny number of 'almost errors,' if not 'errors,' cannot constitute error." Hammond v. United States, 356 F.2d 931, 933 (9th Cir. 1966).

### i. CONCLUSION.

As to appellant Haili, the convictions on all counts are therefore affirmed. The clerk shall issue the mandate forthwith.

### II. No. 25,465—*United States v. Kim.*

Kim raises several alleged errors in support of his plea for reversal. None has merit.

#### a. *Telephone toll records.*

A telephone company employee testified from a summary of toll calls between Kim and Haili while the latter was in California. The original telephone records were apparently lost and only the employee's summary was available.

Kim argues that admission of the summary violated the best evidence rule. However, the only objection at trial was on the hearsay ground. This court will not consider assignments of error on the admission of exhibits when the ground for objection was either not presented to the trial court or was modified on appeal. United States v. Markham, 440 F.2d 1119 (9th Cir. 1971) ; United States v. Johnson, 421 F.2d 1342 (9th Cir. 1970).

■ In any event, the error alleged is harmless since Kim admitted making and receiving the calls in question.

#### b. *Subsequent conversation between his co-conspirators.*

■ Kim complains that the context of a conversation between two of his co-conspirators, in his presence, following the abortive importation attempt, was erroneously admitted.

The conversation took place in the presence of the defendant Kim and is therefore admissible under United States v. Sanchez-Mata, 429 F.2d 1391 (9th Cir. 1970). In any event, the conversation dealt with the reason for the failure of the venture so that the error, if any, was clearly harmless as to Kim.

#### c. *Testimony regarding meeting with Haili and "an Oriental."*

■ There was testimony at trial of a meeting to discuss the possibility of smuggling some marijuana from Mexico. Present at the meeting, among others, were Haili and "an Oriental." Kim was later identified as the Oriental from a series of photos.

Kim argues that this testimony is inadmissible as the implicating statement of a co-defendant, in violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). It is now well settled in this circuit that *Bruton* does not apply where the co-defendant testifies and is available for cross-examination. *E. g.*, Mitchell v. United States, 434 F.2d 230 (9th Cir. 1970).

As to the photo identification of Kim, there is no suggestion that it was improper in any way and so suggestive as to amount to irreparable mis-identification. *See* Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

#### d. *Comments of the prosecutor.*

■ Kim also complains of the prosecutor's closing argument to the jury. We have reviewed the remarks and, like those objected to by Haili, think they were unnecessary, unwise and unfortunate. Following objection, however, the trial court carefully instructed the jury in a fashion that completely vitiated the prejudicial effect, if any, of these improvident remarks.

#### e. *Sufficiency of the evidence.*

Viewed in the light most favorable to the government, Glasser v. United States, *supra,* the evidence was clearly sufficient to support the jury's rejection of Kim's contention that he didn't intend to violate federal law.

#### f. *Sentencing.*

■ Kim's complaint regarding inaccuracies in his presentence report does not affect the validity of the concurrent

10-year sentences which he received on all three counts. The trial judge in sentencing Kim said he was not concerned about the purported inaccuracies in the report because he was "going to sentence this defendant strictly and only upon what appears to me from the evidence that has been presented to me."

### g. CONCLUSION.

As to appellant Kim, the convictions on all three counts are therefore affirmed. The clerk is instructed to issue the mandate without delay.