**UNITED STATES of America,**
**Appellee,**

v.

**Claude Emmett LEE, Appellant.**

**No. 71-2048.**

United States Court of Appeals,
Ninth Circuit.

Jan. 19, 1972.

Tim Savinar (argued), Mark Himelstein, of Penrod & Himelstein, San Francisco, Cal., for appellant.

David Bancroft (argued), Asst. U.S. Atty., James L. Browning, Jr., U.S.

Atty., F. Steele Langford, Chief, Crim. Division., San Francisco, Cal., for appellee.

Before MERRILL and WRIGHT, Circuit Judges, and POWELL, District Judge *.

PER CURIAM:

Claude Emmett Lee was indicted in two counts for violation of 18 U.S.C. Section 641, theft of property, and Section 914, false impersonation. He was given two five-year concurrent sentences, and appeals his conviction. We affirm.

Late in January 1970 appellant entered a San Francisco jewelry store and attempted to purchase a ring with a United States Treasury check. The check bore the name of James R. Cox, 3133–16th Street, San Francisco, California, as payee. It was dated January 27, 1970 in the amount of $646.20. The clerk at the counter referred the appellant to the credit manager, who asked for identification. The only items of identification offered were a Pacific Gas & Electric utility bill and its accompanying return envelope. The credit manager of the store refused to cash the check or to return it. Appellant left the store leaving the check, utility bill and their respective envelopes in the possession of the credit manager. These were then turned over to the police.

Investigation disclosed that the payee of the treasury check was James R. Cox, who had previously resided at the 3133–16th Street address, Apartment No. 4, but moved from there about January 1, 1970. He had applied for Social Security Medical disability benefits, but had never received the treasury check for these benefits; nor had he given anyone authorization to impersonate him or to cash his check.

The evidence showed that in January 1970 appellant moved into Apartment No. 4, formerly occupied by James R. Cox, and was given a mailbox key. The key gave him access to the Cox check and utility bill. The jewelry store credit manager and his assistant clerk identified the appellant as the person attempting to cash the check.

■ Appellant contends that conviction under both Sections 641 and 914 violates the constitutional prohibition against double jeopardy because his conduct constituted but a single act or transaction. See Ashe v. Swenson, 397 U.S. 436, 448–460, 90 S.Ct. 1189, 25 L. Ed.2d 469 (1970). To date this circuit rejects the "same transaction" test. In Perez v. United States, 421 F.2d 462 (9th Cir. 1970), it was said:

"The same act or transaction may constitute two distinct offenses if each offense, as defined by Congress, requires the proof of some fact or element not required to establish the other." (at 464).

Nor does Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), aid appellant. That decision dealt with counts of larceny and receiving stolen property under Section 641, which the Supreme Court, in construing the statute, held to be a single crime. *Milanovich* does not apply here because two crimes are involved. It is apparent that Congress intended to prohibit two types of conduct, the theft of government property under Section 641, and the impersonation of those receiving government property under Section 914. Different purposes and elements inhere in each of these crimes.

The record contains ample evidence to support the conviction on either count alone. Where such is the case, no examination of the validity of more than one of the counts is necessary. Hirabayashi v. United States, 320 U.S. 81, 105,

---

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

**192**

63 S.Ct. 1375, 1387, 87 L.Ed. 1774 (1943), states:

"The conviction under the second count is without constitutional infirmity. Hence we have no occasion to review the conviction on the first count since, as already stated, the sentences on the two counts are to run concurrently and conviction on the second is sufficient to sustain the sentence."

United States v. Wing, 450 F.2d 860 (9th Cir. 1971); United States v. Privett, 443 F.2d 528, 531 (9th Cir. 1971); McCullough v. United States, 403 F.2d 1013, 1015–1016 (9th Cir. 1968); D'Argento v. United States, 353 F.2d 327, 335 (9th Cir. 1965).

■ The appellant challenges the sufficiency of the evidence to prove that the treasury check had any value at all, or value in excess of $100, as required by 18 U.S.C. Section 641. That statute, in part, provides:

"The word 'value' means *face*, par, or market *value*, or cost price, either wholesale or retail, whichever is greater." (Emphasis supplied.)

52A C.J.S. Larceny § 60(2) b states:

"In a prosecution for the theft of evidences of debt, such as . . . checks . . . the value of the instrument is measured according to the standard set up in the statute. Thus, under particular statutory provisions, the value is deemed to be the money due on the instrument . . . ." (at 491).

The check was introduced in evidence. It was drawn on the United States Treasury and made payable to James R. Cox in the sum of $646.20. Considering that the property involved is a check, complete on its face, the applicable definition under the statute is "face value", that is the amount for which the check is drawn.

We have reviewed the record and find the other contentions of the appellant lack sufficient merit to be considered.

Affirmed.