**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward SARKISIAN,**
**Defendant-Appellant.**

**No. 76–2028.**

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1976.

Marc Philip Richman, Atty. (argued), Dept. of Justice, Washington, D. C., for defendant-appellant.

**1238**

Gary Logan (argued), Las Vegas, Nev., for plaintiff-appellee.

Before GOODWIN and SNEED, Circuit Judges, and EAST,* District Judge.

SNEED, Circuit Judge:

Appellant Sarkisian appeals his conviction under 18 U.S.C. § 2314 for transportation in interstate commerce of a security, *viz.* a check, knowing it to have been stolen and having a value of more than $5,000. The appeal asserts that the Government failed to prove that the check had a value of $5,000. We reject this contention and affirm the conviction.

Appellant admits that the Government established that he transported from Detroit, Michigan to Las Vegas, Nevada, a check stolen by an employee of the drawer of the check, Greyhound Food Management, Inc., payable to the order of Ira Wilson & Sons Dairy Co., 5255 Tillman Ave., Detroit, Michigan 48208, and in the amount of $29,-921.52. Appellant does not question that the Government has established that appellant cashed this check at the Landmark Hotel casino cage in Las Vegas, Nevada and received therefor the full face amount of the check. This transaction was accomplished by an employee of the Landmark Hotel typing on the back of the check "Ira Wilson & Sons Dairy Company By" and the appellant affixing thereunder the signature "Ed Thomas," the name by which the appellant was known to the employees of the Landmark Hotel. In due course the theft of the check and the forged endorsement were discovered and this prosecution commenced.

Appellant contends that these facts do not establish the offense set forth in 18 U.S.C. § 2314 and that his motion for judgment of acquittal made at the close of the Government's case should have been granted. Proof of value is lacking, asserts the appellant, because of two separate, but related reasons.

The first is that a value of $5,000 or more of a check cannot be established in the absence of proof that the drawer of the check in question, Greyhound Food Management, Inc., had an account in the drawee bank with a balance sufficient to cover the face amount of the check. The failure to establish these facts, according to appellant, eliminates any proof that the instrument was worth $5,000 or more, either at the time of its issuance, theft, receipt, transportation or concealment.

The second is that in view of the theft of the check payable to order from its drawer, there could be no lawful negotiation which would entitle an innocent acquirer of the paper to be treated as either a holder or holder in due course. This deprives the check of value in the hands of such an acquirer as well as in the hands of earlier possessors. This theory eliminates any possibility of proof that the check at the crucial points in time had a value of $5,000 or more.

Appellant admits that his position requires that the Government prove intrinsic worth by reference to indicia other than the face amount of the check or the amount which the appellant was able to obtain therefor from the Landmark Hotel. The difficulty with appellant's position is that "value" for the purposes of 18 U.S.C. § 2314 is defined in 18 U.S.C. § 2311 to mean "face, par, or market value, whichever is the greatest . . . ." Intrinsic value is not a standard of value employed by the statute. Under the circumstances of this case we hold that because the check was in an amount of more than $5,000, the Government properly established that the "face" of the check was more than $5,000. *See United States v. Lee,* 454 F.2d 190, 192 (9th Cir. 1972); *Myrick v. United States,* 332 F.2d 279, 282 (5th Cir. 1963), *cert. denied sub nom. Bergman v. United States,* 377 U.S. 952, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); *Abbott v. United States,* 239 F.2d 310, 312 (5th Cir. 1956). We need not de-

* Honorable William G. East, Senior United States District Judge, for the District of Oregon, sitting by designation.

cide whether the fact that the appellant received the "face" amount of the check from the Landmark Hotel established that the check had a "market value" of $5,000 or more.

AFFIRMED.