**UNITED STATES of America, Appellee,**

v.

**Erroll Bernard ROBINSON, Appellant.**

**No. 82–1294.**

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1982.

Decided June 21, 1982.

George W. Proctor, U. S. Atty., D. Brent Bumpers, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Evans Benton, Little Rock, Ark., for appellant.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

Erroll Robinson appeals his conviction for selling U. S. government food stamps for cash in violation of 7 U.S.C. § 2024. That statute provides in relevant part:

> (b)(1) [W]hoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization cards in any manner not authorized by this chapter or the regulations issued pursuant to this chapter shall, if such coupons or authorization cards are of the value of $100 or more, be guilty of a felony and shall, upon conviction thereof, be fined not more than $10,000 or imprisoned for not more than five years, or both, or, if such coupons or authorization to purchase cards are of a value of less than $100, shall be guilty of a misdemeanor and

---

shall, upon conviction thereof, be fined not more than $1,000 or imprisoned for not more than one year, or both.

The appellant waived a jury trial. He was tried by the court, and found guilty of a felony. Robinson was sentenced to five years probation, to begin upon completion of a state court sentence he was then serving.

The facts are not disputed. Robinson sold food stamps to an undercover government agent. The stamps had a face value of $170, and the appellant sold them to the agent for $70 cash. Robinson argues that these facts establish a misdemeanor under the statute, and that it was error for the trial court to find him guilty of a felony. We reject this contention and affirm the conviction.

Robinson points out that while 7 U.S.C. § 2024 does not define the term "value," other statutes such as 18 U.S.C. § 641[1] define the term as meaning "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." He argues that that definition applies to 7 U.S.C. § 2024 by analogy, and that under that definition, the "value" of the sold food stamps is the price obtained by the appellant in the "thieves' market"—$70.

Admittedly, there is no legitimate method by which an individual may exchange food stamps for cash except in a thieves' market.[2] However, to use the thieves' market to establish value here when face value is available would seriously undermine the statute. As the government points out, thieves' market value does not guarantee a reliable market price. Under the appel-

lant's theory, an individual could sell food stamps with a face value of $1,000 for $90 cash and be subject only to a misdemeanor charge. Conversely, an individual could sell food stamps with a face value of $150 for $110 cash and be subject to a felony charge. Such inconsistent results would be incompatible with Congress's intent to distinguish the gravity of the offense on the basis of the amount sold.

Moreover, the appellant's assertion that the $70 he received established a "market" price is purely conjectural. This Court has previously recognized the pitfall of using thieves' market value when, as here, no true underworld exchange is present: "[a] transaction between a [government] agent who is trying to make a case and a thief who is willing to sell for all he can get is shaky evidence of value in the thieves' market or any other market." *United States v. Jackson*, 576 F.2d 749, 757 n.12 (8th Cir.), cert. denied, 439 U.S. 858, 99 S.Ct. 175, 58 L.Ed.2d 167 (1978).

Lastly, the cases cited by the appellant that approve the use of thieves' market value are situations where the value of the contraband was speculative or not fixed; the thieves' market was therefore the only guidepost available for establishing value. *See United States v. Jackson, supra*, 576 F.2d at 756–757 (blank stock certificates); *United States v. Ciongoli*, 358 F.2d 439, 441–442 (3d Cir. 1966) (blank postal money orders).[3] Those cases are, for that reason, inapposite.

The only other court to consider a similar question under the Food Stamp Act approved the use of face value to define the term value. *United States v. Lundy*, 505

1. That statute provides for the punishment of one who

embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or *thing of value* of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof[.]

18 U.S.C. § 641 (1976) (emphasis added).

2. Coupons may not be negotiated in exchange for cash, except when cash is returned as

change in a transaction in which coupons are accepted in payment for "eligible food." 7 C.F.R. § 278.2(a) (1981).

3. We do not read *Montgomery v. United States*, 403 F.2d 605 (8th Cir. 1968), cert. denied, 396 U.S. 859, 90 S.Ct. 126, 24 L.Ed.2d 110 (1969), to specifically approve thieves' market value as defining "value," even when face value is available. There, face value of the contraband was $4,200 and its thieves' market value was placed by the defendants at $500. The Court properly rejected the defendants' argument that there was insufficient proof of value over $100, be-

F.2d 76 (5th Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). The *Lundy* Court held that evidence that an undercover government agent sold food stamps face-valued at $115 for cash to the defendant store owner supported submission of a felony charge to the jury. *Id.* at 77. Other courts considering related offenses have consistently used face value, when available, to measure value. *See United States v. Alberico*, 604 F.2d 1315 (10th Cir.), *cert. denied*, 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 422 (1979) (checks stolen in violation of 18 U.S.C. § 641); *United States v. Sarkisian*, 545 F.2d 1237 (9th Cir. 1976) (stolen security transported in interstate commerce in violation of 18 U.S.C. § 2314); and *United States v. Lee*, 454 F.2d 190 (9th Cir. 1972) (checks stolen in violation of 18 U.S.C. § 641).

We attach no significance to the absence of a specific definition of the word "value" in 7 U.S.C. § 2024, and conclude that the district court correctly held that "value" under that statute means face value. The appellant has admitted that he sold food stamps with a face value of $170 to a government agent for cash. That act constitutes a felony under section 2024. Therefore, the judgment of the district court is affirmed.

cause both face value and thieves' market value were in excess of $100. *Id.* at 610.