# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 02-4397

MARY JANE MEADOWS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-01-29)

Submitted: January 16, 2003

Decided: February 10, 2003

Before WILKINS, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Anthony F. Anderson, Melissa W. Friedman, Roanoke, Virginia, for
Appellant. John L. Brownlee, United States Attorney, Jennie L. M.
Waering, Assistant United States Attorney, Ly T. Nguyen, Third Year
Law Intern, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary Jane Meadows was convicted by a jury of robbery, in violation of 18 U.S.C. § 2113(b) (2000), and sentenced to 36 months' imprisonment. Meadows' sole argument on appeal is that the district court should have instructed the jury regarding the "value" of the items stolen, and accordingly, should also have submitted a jury instruction concerning the lesser-included offense of bank larceny of less than $1000. Specifically, she maintains that because the proof work she was charged with taking also consisted of checks and receipts, the jury should have been given an opportunity to determine their market value. She argues that the jury could have found that the market value of the checks to an individual other than the endorsee may have been significantly less than the amount of the checks. She therefore contends that the jury could have found the total amount to be less than $1,000 and, accordingly, she was entitled to a lesser-included offense instruction.

The trial court's decision not to give a requested jury instruction is reviewed for abuse of discretion. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). A defendant is not entitled as a matter of course to a lesser-included offense instruction. *United States v. Wright*, 131 F.3d 1111, 1112 (4th Cir. 1997); *see Keeble v. United States*, 412 U.S. 205, 208 (1973) (finding lesser-included offense instruction warranted only when evidence supports conviction for such offense). Rather, such an instruction is warranted when "proof of the element that differentiates the two offenses [is] sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *Wright*, 131 F.3d at 1112 (internal quotation marks omitted). An element is "sufficiently in dispute" if the evidence is "sharply conflicting" or the jury could fairly infer from the evidence that the lesser, but not the greater, offense was proved. *Id.* (internal quotation marks omitted).

Although 18 U.S.C. § 2113 does not contain a definition of "value," two other provisions define the term. Section 18 U.S.C. § 641 (2000) defines "value" as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." Section 18

U.S.C. § 2311 (2000) defines "value" as the "face, par, or market value, whichever is the greatest . . . ."

Meadows claims that the government presented no value of the proof work to the jury; therefore, the only thing of value proven by the government was the cash which totaled less than $1000. Meadows relies on the following two cases to support this proposition. In *United States v. Luckey*, 655 F.2d 203, 205 (9th Cir. 1981), the Ninth Circuit Court of Appeals held that the value of a stolen blank check was "what someone would be willing to pay to gain possession of the stolen blank dividend check." In *United States v. DiGilio*, 538 F.2d 972, 979 (3rd Cir. 1976), the Third Circuit Court of Appeals held that the government had to prove the "market value" of certain government records, the value to be determined by market forces—"the price at which the minds of a willing buyer and a willing seller would meet."

Meadows' reliance, however, is misplaced. In both of the above-mentioned cases, unlike in the present case, there was no face value on the stolen items. Therefore, the courts resorted to other methods of determining their value. It is well recognized that, if available, the value of a stolen instrument is its face value. *United States v. Bauer*, 713 F.2d 71, 73 (4th Cir. 1983) (holding that the value of stolen U.S. Savings Bonds was the face value of the bonds); *see also United States v. Alberico*, 604 F.2d 1315, 1321 (10th Cir. 1979) (holding market value unnecessary when face value is available); *United States v. Sarkisian*, 545 F.2d 1237 (9th Cir. 1976) (refusing to consider market value, or thieves' market, of stolen check when it has a face value); *United States v. Tyler*, 474 F.2d 1079, 1080 (5th Cir. 1973) (finding under § 2113 a check's face value is persuasive evidence as to the check's value); *United States v. Lee*, 454 F.2d 190, 192 (9th Cir. 1972) (holding the value of stolen check is its face value). Here, the value of the stolen instruments was established by the face value of the items, over $1000; consequently, the government was not required to establish the items' market value.

Because the evidence of the value of the stolen items was not sharply conflicting and the defense presented no evidence disputing the value of the proof work, we find that the evidence did not support a jury instruction for the lesser-included offense. Since the combined

face value of the stolen items is without dispute greater than $1000, a jury instruction on the lesser-included offense was not warranted. We therefore find that the district court did not abuse its discretion in declining to instruct the jury regarding the lesser-included offense.

Accordingly, we affirm Meadows' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*