NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LILI ZHANG TYDINGCO,

Defendant-Appellant.

No.   23-10016

D.C. No.
1:15-cr-00018-RVM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted June 10, 2024
Honolulu, Hawaii

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Lili Tydingco appeals her conviction after a third trial for unlawfully

harboring a noncitizen in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). We have

jurisdiction under 28 U.S.C. § 1291. "We review the district court's evidentiary

rulings for abuse of discretion." *United States v. Shih*, 73 F.4th 1077, 1096 (9th

Cir. 2023). "We review de novo a district court's admission of evidence in alleged

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violation of the Confrontation Clause." *United States v. Cazares*, 788 F.3d 956, 976 (9th Cir. 2015). We affirm.

1. Customs and Border Protection (CBP) Officer Ronald Muna testified regarding an interview of Tydingco that he conducted when Tydingco first brought X.N.—the noncitizen whom Tydingco was accused of harboring—into Saipan. Tydingco argues that this testimony was inadmissible because it was based only on CBP records that Officer Muna had reviewed, rather than on Officer Muna's personal recollection of the interview. Officer Muna testified, however, that his account of the interview was based on his own memory. And although he acknowledged weaknesses in his recollection of the interview, the strength of his memory does not present an issue "of admissibility but rather one of credibility and the proper weight to be accorded his testimony. Such are jury functions." *United States v. Haili*, 443 F.2d 1295, 1299 (9th Cir. 1971).

2. Tydingco further argues that Officer Muna's testimony violated the Confrontation Clause because some of her interview with him was conducted through an interpreter who was not called to testify. But, as Tydingco acknowledges, we already decided when reviewing her second trial that her interpreted statements during her interview with Officer Muna were admissible. We found that Tydingco was fluent in English and therefore could have corrected any mistranslation. *United States v. Tydingco* (*Tydingco II*), 2022 WL 445527, at

2

*2 (9th Cir. Feb. 14, 2022).

3. Tydingco argues that the admission of her signed written statement violated the Confrontation Clause, because there was insufficient evidence that the translation of her statements was reliable. "[A]s long as a translator acts only as a language conduit, the use of the translator does not implicate the Confrontation Clause." *United States v. Aifeng Ye*, 808 F.3d 395, 401 (9th Cir. 2015). Here, the interpreter who translated Tydingco's statements had no motive to distort them; the same interpreter was used without issue both when Tydingco initially drafted her statement and when she returned to the police station to review it; and Tydingco identifies no particular translation errors the interpreter made. *See United States v. Nazemian*, 948 F.2d 522, 527–28 (9th Cir. 1991) (considering these factors to find a translated statement admissible). Additionally, as we explained in *Tydingco II*, Tydingco's English fluency means that she could have corrected any error the interpreter made. 2022 WL 445527, at *2. The district court therefore did not err in finding that the interpreter acted only as a language conduit.[1]

4. Tydingco challenges the admissibility of CBP Officer Trisha Aguon's

---

[1] Tydingco also argues that the Government forfeited this issue by failing to defend the admissibility of her signed statement in its answering brief. The Government, however, argued generally that Tydingco's translated statements were admissible because she spoke English, referencing the signed statement in support of this argument. The issue therefore was not forfeited.

testimony regarding electronic records of Tydingco and X.N.'s entry into the United States. Officer Aguon testified that these records showed that Tydingco was forwarded to a secondary inspection upon arrival to the United States with X.N., and that Tydingco presented a return ticket to China that had been purchased for X.N. Tydingco argues that Officer Aguon had no ability to testify to these matters as a lay witness because she had no personal memory of the events reflected in these records.

Even if Officer Aguon's testimony about these records was inadmissible, any error was harmless. *See United States v. Lague*, 971 F.3d 1032, 1041 (9th Cir. 2020) ("Reversal is not required if 'there is a fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict.'" (quoting *United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012))). Officer Aguon's testimony that Tydingco was forwarded to a secondary inspection likely had minimal impact, as Officer Muna permissibly testified about conducting the secondary inspection. And Officer Aguon's testimony that Tydingco presented a return ticket was corroborated by both Officer Muna and Officer Aguon's permissible testimony that CBP consistently checks passengers arriving in Saipan on the Conditional Parole Program for return tickets. Additionally, Officer Aguon was subject to extensive cross-examination in which she acknowledged that she had no memory of the events about which she testified

4

and admitted that the records could have been mistaken. The testimony that Tydingco challenges therefore likely did not impact the jury's verdict. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (factors considered when assessing the harmfulness of an error include "whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, [and] the extent of cross-examination . . . permitted").

5. Tydingco argues that the admissible evidence was insufficient to support the jury's verdict. On our review of Tydingco's first trial, however, we held that the evidence we find admissible today was sufficient to support her conviction. *United States v. Tydingco* (*Tydingco I*), 909 F.3d 297, 301–02 (9th Cir. 2018).

6. Tydingco argues that the district court erred in failing to instruct the jury that the term "harbor" as used in 8 U.S.C. § 1324(a)(1)(A)(iii) requires active concealment and a deliberate attempt to facilitate a noncitizen's unlawful presence in the United States. As Tydingco recognizes, our decision in *Tydingco I*, 909 F.2d at 302–03, expressly rejected this argument, and there have been no intervening decisions that undermine this holding. *Tydingco I* therefore forecloses Tydingco's challenge to the jury instructions.

**AFFIRMED.**