**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio NUNEZ–CARREON,
Defendant–Appellant.**

**No. 93–10086.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1993.

Decided Feb. 1, 1995.

Reese V. Bostwick (argued) and James D. Whitney (on the briefs), Asst. U.S. Attys., Tucson, AZ, for plaintiff-appellee.

Javier Chon–Lopez, Asst. Federal Public Defender, Tucson, AZ, for defendant-appellant.

Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue in this case is how to decide whether a coconspirator is responsible for an amount of drugs for the purposes of statutory minimum sentencing.

### Facts

A Border Patrol agent in Naco, Arizona, saw a van drive across the border from Mexi-

co. It drove off the road in a place where the fence was down. Its headlights were off, even though it was dark out. He chased it. It rammed through a fence, but got stuck when it hit a mesquite tree. The driver and passenger ran, so the agent ran after them. The driver got away, but the agent caught the passenger, Nunez–Carreon.

At trial, Nunez–Carreon testified that he was walking in the square on the Mexican side of Naco when two men drove over to him in the van, and through the open window, made a proposition. He was to check the corral area at the border, where the fence was down, to see if immigration people were around. They would pay him for helping them enter the United States. The two men drove across the border at Nunez–Carreon's signal. But instead of paying him when they crossed the border, the men told him to get into the van. The passenger got out and Nunez–Carreon got in. Though he asked to get out, the driver hinted he had a gun and would not let him out. Nunez–Carreon thought he was helping to smuggle an illegal alien across the border, not marijuana, and did not realize there was marijuana involved until he got into the van. Nunez–Carreon's account was impeached, and the jury evidently did not believe it.

The Border Patrol agent testified that he could smell marijuana as he walked up to the van. The two back bench seats were removed, and the van was filled with plainly visible bundles of marijuana wrapped in plastic. The quantity was subsequently determined to be 572 pounds, or 259 kilograms.

The indictment charged conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, and possession with intent to distribute. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 846. The jury instructions did not require any determination of the quantity of marijuana by the jury. The defendant requested an instruction that a defendant is competent to testify for himself. He got it. But the judge also added the government's proposed instruction advising the jury that it could consider the defendant's interest in the case.

The jury convicted Nunez–Carreon of conspiracy but acquitted him of possession. On the evidence presented, the jury could have concluded that Nunez–Carreon did not exercise dominion and control over the marijuana in the van, but nevertheless conspired in its possession for purposes of sale.

At sentencing, the judge imposed the five year statutory minimum sentence for a violation involving 100 kilograms or more of marijuana.[1] Nunez–Carreon unsuccessfully objected to the probation officer's determination that his offense involved over 100 kilograms, and asked for a determination by the judge of what quantity Nunez–Carreon was responsible for. The judge stated that he was "pained" by the sentence, because of the youth and poverty of the defendant, and "would have" imposed a more lenient sentence if he thought the law allowed it.

### Analysis

Nunez–Carreon raises two points on appeal. He argues that the judge should not have instructed the jury that it could consider his interest in the case, and should have made a finding on what quantity of marijuana he could reasonably foresee as involved in the conspiracy.

A. The instruction.

■ The challenge to the instruction does not raise a question of whether the judge correctly stated the law. It goes only to the way the judge exercised discretion about what to instruct upon and how to formulate the instruction. We therefore review for abuse of discretion. *United States v. Joetzki,* 952 F.2d 1090, 1095 (9th Cir.1991).

■ The defendant asked for the first paragraph of this instruction, but got the second paragraph over his objection:

A defendant who wishes to testify is a competent witness and the defendant's tes-

1. The judge departed downward three months from the Sentencing Guidelines range because he felt the Guidelines did not adequately deal with Nunez–Carreon's youth and socioeconomic circumstances. The government has not cross appealed, so we have no occasion to review permissibility of the departure.

timony is to be judged in the same way as that of any other witness.

You may consider any interest the defendant may have in the outcome of the case, his hopes and fears and what he has to gain or lose as a result of your verdict.

Both paragraphs of the instruction might perhaps better have been omitted, and might have been inappropriate in some circuits. *Cf. United States v. Dwyer,* 843 F.2d 60, 62–62 (1st Cir.1988). But the defendant invited the first paragraph, and the judge had a reason for giving the second paragraph. The judge explained that he did not want to emphasize the defendant's competence as a witness without warning of his interest as well. We are bound by our decision in *Louie v. United States,* 426 F.2d 1398, 1402 (9th Cir.1970). In that case, we upheld an instruction with identical language. Giving the instruction was not an abuse of discretion.

**B. The sentence.**

■ The five year minimum sentence was imposed *pursuant to statute, not the Guidelines.* The statute requires:

(B) In the case of a violation of subsection (a) of this section involving—

.　　.　　.　　.　　.

(vii) 100 kilograms or more of ... marihuana;

.　　.　　.　　.　　.

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . .

21 U.S.C. § 841(b)(1)(B) (1988).

The judge implicitly found that the conspiracy involved over 100 kilograms of marijuana, based upon the amount in the van. This determination of the amount of marijuana in the van is not challenged.

Nunez–Carreon argued in his objection to the presentence report that "it was not reasonably foreseeable that the van contained that amount of marijuana." On appeal, Nunez–Carreon argues that the district judge did not perform his duty to determine whether Nunez–Carreon could foresee the amount involved.

■ The district court rejected defense counsel's request that he determine "if it was reasonably foreseeable for the defendant to know" that the conspiracy involved over 100 kilograms of marijuana. The judge felt bound by the amount of marijuana involved in the proved conspiracy, and did not make a determination about the quantity which Nunez–Carreon could reasonably foresee:

Well, I don't think that's what the law is. I think that if he was convicted of the conspiracy, and the conspiracy was to deal with that amount of marijuana, that—that I'm bound by it.

Nunez–Carreon is arguing that the district court made an error of law in sentencing him, so we review *de novo. United States v. Castaneda,* 9 F.3d 761, 769 (9th Cir.1993).

■ It does not help the government's case that the indictment said that the conspiracy involved over 100 kilograms, and the defendant was convicted of the conspiracy count. First, quantity is treated as a matter of sentencing, not as an element of the offense, so it is determined by the district judge at sentencing, not by the jury. *Castaneda,* 9 F.3d at 769–70 ("it is not relevant for sentencing purposes whether or not an indictment specifies the amount alleged in the conspiracy"). Second, the jury instructions did not tell the jury that the charge involved a quantity of 100 kilograms or more, or ask the jury to make any determination on quantity. That was a proper omission, because of the rule that quantity is for the court to resolve at sentencing. The jury did not decide that the amount of marijuana Nunez–Carreon conspired to possess was 100 kilograms or more.

Nunez–Carreon has not put at issue whether the actual amount of marijuana involved in the conspiracy was 100 kilograms or more. More than 2½ times that much was in the van. The question is limited to whether the judge properly refused to make a finding about whether Nunez–Carreon reasonably could foresee that the conspiracy involved 100 kilograms or more of marijuana.

■ Under the law of this circuit, the district judge erred. He should have made a finding. The law of this circuit is that under the statutory minimum provisions, the court

must "assess a defendant's 'individual ... level of responsibility' for the amount of drugs involved in an offense by determining, in accord with the Guidelines, the amount that the defendant 'could reasonably foresee ... would be involved' in the offense of which he was guilty." *Castaneda,* 9 F.3d at 769 (quoting *United States v. Becerra,* 992 F.2d 960, 967 n. 2 (9th Cir.1993)). A similar principle governs offense level determinations under the Sentencing Guidelines. *United States v. Petty,* 982 F.2d 1374, 1377 (9th Cir.1993); 1992 U.S.S.G. § 1B1.3(a)(1)(B). *United States v. Becerra,* 992 F.2d 960, 967 (9th Cir.1993).

The error in this case, though, was harmless. Had this been a Guidelines case, it would probably be governed by 1992 U.S.S.G. § 1B1.3 Application Note 2, Illustration (a)(1). Under the Guidelines illustration, a person who helps to unload marijuana from a ship is liable for the entire quantity on the ship, but not for other shiploads of which he was unaware involved in the same conspiracy. Nunez–Carreon's responsibility for the entire amount of marijuana in the particular van with respect to which he conspired would be automatic under the Guidelines, as with a single shipload. It may be, and we need not decide, that a less mechanical and more individual determination of foreseeability is needed for a statutory minimum. Unlike the Guidelines sentencing, the judge cannot depart downward because of a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration" when sentencing to a statutory minimum. *Cf.* 18 U.S.C. § 3553(b), 1992 U.S.S.G. § 5K2.0. The reason we do not have to reach this issue is that in this case, had the judge made a finding, it could only have been that Nunez–Carreon could reasonably foresee that he was conspiring with respect to 100 kilograms or more of marijuana. Anything else would have been clearly erroneous. Harmless error does not require remand for resentencing. *Castaneda,* 9 F.3d at 770.

The uncontradicted evidence established that a person walking up to the van could smell the marijuana without entering it. The packages were plainly visible inside. The packages filled the space between the front seats and the space in back ordinarily occupied by the two back seats. It would have looked to anyone like a very large amount of contraband. Nunez–Carreon never told a story, to the jury, the probation officer, or the judge, which could support an inference that he knew he was conspiring with respect to marijuana, but did not realize that the amount was so large. His story was that he did not know he was conspiring with respect to marijuana at all, and the jury decided that he was lying. Once the jury decided that Nunez–Carreon conspired to possess the marijuana in the van for purposes of distribution, the judge could only decide that Nunez–Carreon could reasonably foresee 100 kilograms or more. Nunez–Carreon's attorney's argument that Nunez–Carreon could not foresee that a large quantity would be involved was not supported by any evidence, or anything Nunez–Carreon said. The only way that the judge could have found that Nunez–Carreon did not foresee the quantity of marijuana involved, despite the large quantity plainly visible in the van, would have been by accepting Nunez–Carreon's story that he did not realize he was helping to smuggle marijuana at all. The jury verdict foreclosed that possibility.

AFFIRMED.