87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo FLORES-RODRIGUEZ, Defendant-Appellant.
 No. 95-10361.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1996.*
Decided June 17, 1996.
 
 Before: SNEED, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Any error committed in not applying USSG § 5G1.3(c) was harmless. As defendant correctly points out, ER at 16, had the district court applied the methodology of § 5G1.3 cmt. 3, it would have considered the sentence he would have received had he been sentenced simultaneously for his state drug offenses and his federal crime. He also correctly calculates that his combined offense level would have been 21. ER at 17; PSR at 3. Defendant's only error is his assumption that the two-year statutory maximum for 18 U.S.C. § 1326 that confines his actual sentence to 24 months would also apply if he were sentenced for both his current offense and his state offenses--which included drug trafficking. He forgets that the maximum sentence for drug trafficking is twenty years. See 21 U.S.C. § 841(b)(1)(C). If he were sentenced for both crimes simultaneously, USSG § 5G1.2 would govern the effect of maximum sentences. In this case, the "sentenced imposed on each ... count" would be 77-96 months--the "total punishment" for all the crimes, as calculated under USSG §§ 3D1.4 & 5C1.1. See USSG § 5G1.2(b). The drug trafficking count would be the count carrying the highest statutory maximum and, as the statutory maximum for that count wouldn't constrain imposition of the "total punishment," the "sentence imposed" for the drug crime would be 77-96 months and the 24-month sentence for the section 1326 count would simply run concurrently for the first 24 months. See USSG § 5G1.2(c). Accordingly, defendant's minimum hypothetical sentence under USSG § 5G1.3(c) would be 77 months, well above the 62 months he will actually serve after 38 months of actual state imprisonment, PSR at 6 (arrested 12/20/92); ER 18 (expected release 2/96), and 24 months of consecutive federal imprisonment. We don't reverse to correct a sentencing error unless it could affect the defendant's total sentence. See United States v. Nunez-Carreon, 47 F.3d 995, 999 (9th Cir.), cert. denied, 115 S.Ct. 2287 (1995).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3