91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto CATON-GARCIA, aka: Roberto Caton, Defendant-Appellant.
 No. 95-50547.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 24, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Roberto Caton-Garcia appeals the sentence imposed following his guilty plea conviction for conspiracy to transport illegal aliens in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324(a)(1)(A)(ii). We affirm.
 
 
 4
 The district court properly relied upon the testimony presented at a co-defendant's trial to determine whether Caton should receive a two-level increase for transporting between six and twenty-four aliens. See United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir.1990); see also U.S.S.G. § 6A1.3 comment. ("Any information may be considered, so long as it has 'sufficient indicia of reliability to support its probable accuracy.' "). The PSR's inclusion of those same facts gave Caton notice; and the court did allow the defendant "the opportunity to object to those facts and present supporting evidence in his own behalf at the sentencing hearing." Notrangelo, 909 F.3d at 365. The court could rely upon the factual findings of the presentence report. United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992).
 
 
 5
 At the sentencing hearing, the district court noted that it was relying in part upon the testimony of Juan Carlos Castro-Jaramillo and Castro's father at the former's trial that twenty people had been transported. Caton's counsel at least agreed that six people got into the orange van. Caton also admits in his brief that the motor home carried approximately twenty illegal aliens on May 17, 1995. These numbers are sufficient to justify the two-level increase and they do not even take into account the transportation of Josefina Celiz-Cortez, whom Caton brought to the scene.
 
 
 6
 Because Caton admitted that he conspired with others, including Arturo Rendon-Hernandez and Castro, to transport illegal aliens, it was proper to include at least the person Caton personally picked up as well as the six people transported in the orange van driven by Castro. Cf. United States v. Valencia, 15 F.3d 149, 152 (9th Cir.) (per curiam), cert. denied, --- U.S. ----, 114 S.Ct. 2176, 128 L.Ed.2d 896 (1994). While Caton may not have known exactly how many aliens would be transported, he obviously knew that it would be a substantial number and it is not at all improper to charge him with the seven who were transported to the scene by Rendon and caught[1] or even to add the one who accompanied Caton to the scene in his truck. See United States v. Nunez-Carreon, 47 F.3d 995, 998-99 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 2287, 132 L.Ed.2d 289 (1995); United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). Thus, Caton properly received an increase of two levels for transporting between six and twenty-four aliens.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The number seven includes the six people who boarded Castro's van and the one person who boarded Caton's truck. Of course, twenty people were transported to the scene in the motor home on May 17, 1995